IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS P. LABORDE, *et al.* | : |
| | : CASE NO. 12-CV-00697 |
| Plaintiffs, | : |
| | : JUDGE FROST |
| v. | : MAGISTRATE JUDGE KEMP |
| | : |
| CITY OF GAHANNA, *et al.* | : |
| | : |
| Defendants. | : |

## ANSWER OF DEFENDANTS CITY OF GAHANNA
## AND GAHANNA FINANCE DIRECTOR JENNIFER TEAL

### WITH

### DEMAND FOR JURY TRIAL ENDORSED HEREON

NOW COME DEFENDANTS CITY OF GAHANNA AND GAHANNA FINANCE DIRECTOR JENNIFER TEAL ("DEFENDANTS"), by and through counsel, and for their answer to the complaint state and aver as follows:

### FIRST DEFENSE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, and therefore deny the same.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and therefore deny the same.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint, and therefore deny the same.

4. Defendants admit the City of Gahanna is a municipal corporation, located in Franklin County, established under Ohio law, and governed by a city charter.

5. Because the allegation contained in paragraph 5 of the complaint are directed at another defendant, the City of Gahanna and Jennifer Teal are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6. Defendants admit Jennifer Teal is the current Finance Director for the City of Gahanna.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore deny the same.

8. Defendants admit their principal place of business is in Franklin County.

9. Defendants deny the allegations contained in paragraph 9 of the complaint..

10. Defendants admit venue is proper in this Court.

11. Defendants admit Chapter 161 of the City's Codified Ordinances is titled "Income Tax."

12. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 12 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

13. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 13 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

14. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 14 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

15. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 15 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

16. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 16 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

17. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 17 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

18. Defendants deny the allegations contained in paragraph 18 of the complaint.

19. Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax.

20. Defendants deny the allegations contained in paragraph 20 of the complaint. In further answering, Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendants deny the allegations contained in paragraph 23 of the complaint.

24. Because the statements contained in paragraph 24 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 24 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

25. Because the statements contained in paragraph 25 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 25 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

26. Because the statements contained in paragraph 26 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 26 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

27. Because the statements contained in paragraph 27 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further

answering, Defendants deny all allegations and characterizations contained in paragraph 27 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

28. Because the statements contained in paragraph 28 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 28 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

29. Because the statements contained in paragraph 29 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 29 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

30. Because the statements contained in paragraph 30 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 30 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

31. Because the statements contained in paragraph 31 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 31 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

32. Because the statements contained in paragraph 32 of the complaint are purely hypothetical fiction, not fact, Defendants have no obligation to respond. In further answering, Defendants deny all allegations and characterizations contained in paragraph 32 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants admit Plaintiffs electronically filed their 2009 City of Gahanna municipal income tax return with RITA on March 1, 2010.

35. Defendants admit Plaintiffs electronically filed their 2009 City of Gahanna municipal income tax return utilizing Form 37.

36. Defendants admit Plaintiffs electronically filed their 2010 City of Gahanna municipal income tax return with RITA on March 4, 2011.

37. Defendants admit Plaintiffs electronically filed their 2010 City of Gahanna municipal income tax return utilizing Form 37.

38. Defendants admit Plaintiffs electronically filed their 2011 City of Gahanna municipal income tax return with RITA on March 26, 2012.

39. Defendants admit Plaintiffs electronically filed their 2011 City of Gahanna municipal income tax return utilizing Form 37

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint, and therefore deny the same.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint, and therefore deny the same.

42. Defendants deny the allegations contained in paragraph 42 of the complaint.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Defendants deny the allegations contained in paragraph 44 of the complaint.

45. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint, and therefore deny the same.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint, and therefore deny the same.

47. Defendants deny the allegations contained in paragraph 47 of the complaint.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint, and therefore deny the same.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint, and therefore deny the same.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint, and therefore deny the same.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, and therefore deny the same.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint, and therefore deny the same.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint, and therefore deny the same.

55. Defendants deny the allegation contained in paragraph 55 of the complaint.

56. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the complaint, and therefore deny the same.

57. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the complaint, and therefore deny the same.

58. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the complaint, and therefore deny the same.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the complaint, and therefore deny the same.

60. Defendants deny the allegations contained in paragraph 60 of the complaint.

61. Defendants deny the allegations contained in paragraph 61 of the complaint.

62. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 61 of this answer with the same force and effect as if fully re-written herein.

63. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint, and therefore deny the same.

64. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint, and therefore deny the same.

65. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code.

66. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 66 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

67. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code.

68. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code.

69. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code.

70. Defendants deny the allegations contained in paragraph 70 of the complaint.

71. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 70 of this answer with the same force and effect as if fully re-written herein.

72. Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax. In further answering, Defendants deny Regional Income Tax Agency Form 37 existed for tax year 2008.

73. Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax.

74. Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax.

75. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the complaint, and therefore deny the same.

76. Defendants submit the Regional Income Tax Agency created Form 37.

77. Defendants admit Regional Income Tax Agency Form 37 is a document that can be used by single or married taxpayers to compute municipal income tax

78. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the complaint, and therefore deny the same.

79. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code. In further answering, Defendants

deny all allegations and characterizations contained in paragraph 79 of the complaint that are inconsistent with the Chapter 161 of the Gahanna Codified Ordinances.

80. Defendants deny the allegations contained in paragraph 80 of the complaint.

81. Defendants deny the allegations contained in paragraph 81 of the complaint.

82. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 81 of this answer with the same force and effect as if fully re-written herein.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the complaint, and therefore deny the same.

84. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the complaint, and therefore deny the same.

85. Defendants state Chapter 161 of the City of the Gahanna Codified Ordinances speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 85 of the complaint that are inconsistent with the express language of Chapter 161 (Income Tax).

86. Defendants deny the allegations contained in paragraph 86 of the complaint.

87. Defendants deny the allegations contained in paragraph 87 of the complaint.

88. Defendants deny the allegations contained in paragraph 88 of the complaint.

89. Defendants deny the allegations contained in paragraph 89 of the complaint.

90. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 89 of this answer with the same force and effect as if fully re-written herein.

91. Defendants state Art. I, § 19 of the Ohio Constitution speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 91 of the complaint that are inconsistent with the express language of Art. I, § 19 of the Ohio Constitution.

92. Defendants deny Form 37 misapplies, and/or does not comply with the spirit and letter of, the City of Gahanna municipal income tax code

93. Defendants deny the allegations contained in paragraph 93 of the complaint.

94. Defendants deny the allegations contained in paragraph 94 of the complaint.

95. Defendants deny the allegations contained in paragraph 95 of the complaint.

96. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 95 of this answer with the same force and effect as if fully re-written herein.

97. Defendants state the Fifth Amendment to the United States Constitution speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 97 of the complaint that are inconsistent with the express language of the Fifth Amendment.

98. Defendants deny the allegations contained in paragraph 98 of the complaint.

99. Defendants deny the allegations contained in paragraph 99 of the complaint.

100. Defendants deny the allegations contained in paragraph 100 of the complaint.

101. Defendants deny the allegations contained in paragraph 101 of the complaint.

102. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 101 of this answer with the same force and effect as if fully re-written herein.

103. Defendants state 42 U.S.C. § 1983 speaks for itself. Defendants deny all allegations and characterizations contained in paragraph 103 of the complaint that are inconsistent with the express language of 42 U.S.C. § 1983.

104. Defendants deny the allegations contained in paragraph 104 of the complaint.

105. Defendants deny the allegations contained in paragraph 105 of the complaint.

106. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 105 of this answer with the same force and effect as if fully re-written herein.

107. Defendants deny the allegations contained in paragraph 107 of the complaint.

108. Defendants deny the allegations contained in paragraph 108 of the complaint.

109. Defendants deny the allegations contained in paragraph 109 of the complaint.

110. Defendants deny the allegations contained in paragraph 110 of the complaint.

111. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 110 of this answer with the same force and effect as if fully re-written herein.

112. Defendants deny the allegations contained in paragraph 112 of the complaint.

113. Defendants deny the allegations contained in paragraph 113 of the complaint.

114. Defendants deny the allegations contained in paragraph 114 of the complaint.

115. Defendants deny the allegations contained in paragraph 115 of the complaint.

116. Defendants reassert, and incorporate by reference, the admissions, denials, and other averments contained in paragraphs 1 – 115 of this answer with the same force and effect as if fully re-written herein.

117. Defendants deny the allegations contained in paragraph 117 of the complaint.

118. Defendants deny the allegations contained in paragraph 118 of the complaint.

119. Defendants deny the allegations contained in paragraph 119 of the complaint.

120. Defendants deny the allegations contained in paragraph 120 of the complaint.

121. Defendants deny all allegations, characterizations, and/or representations contained in Plaintiffs' complaint not specifically admitted in this answer.

## SECOND DEFENSE

122. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

123. Defendants are entitled to all applicable immunities, defenses, and limitations on liability which are set forth in Chapter 2744 of the Ohio Revised Code.

## FOURTH DEFENSE

124. At all times relevant, Defendants acted in a reasonable good faith manner and not in contravention with any clearly established Federal or State Right.

125. Defendants are protected by absolute and/or qualified immunities.

### FIFTH DEFENSE

126. Plaintiffs' claims against the City of Gahanna are barred by *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) and its progeny.

127. Plaintiffs' claims against Gahanna Finance Director Jennifer Teal fail under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) because Plaintiffs' complaint fails to allege, and Plaintiff can not prove, she was personally involved in the alleged unconstitutional action about which Plaintiff is complaining.

### SIXTH DEFENSE

128. The doctrines of waiver and estoppel bar some, if not all, of Plaintiffs' claims.

### SEVENTH DEFENSE

129. Plaintiffs' Section 1983 Claim must be dismissed because they cannot demonstrate the violation or deprivation of a right secured by federal law.

### EIGHTH DEFENSE

130. Some, if not all, of Plaintiffs' claims are barred by the applicable statute of limitations.

### NINTH DEFENSE

131. Plaintiffs have failed to exhaust their administrative remedies.

132. Plaintiffs' failure to exhaust their administrative remedies is a jurisdictional defect which deprives this Court of subject matter jurisdiction.

15

## TENTH DEFENSE

132. Plaintiffs are not entitled to a preliminary or permanent injunction.

## ELEVENTH DEFENSE

133. A real actual controversy, which is justiciable in character, does not exist between the Parties.

134. Speedy relief is not necessary for the preservation of rights which may be otherwise impaired or lost.

## TWELFTH DEFENSE

135. Plaintiffs' claims for unjust enrichment fail because: there has been no benefit conferred by Plaintiffs upon Defendants; Defendants have no knowledge of the alleged benefit; and retention of the alleged benefit by Defendants under circumstances is not unjust to do so without payment.

## THIRTEENTH DEFENSE

136. Plaintiffs' claim under Ohio Rev. Code § 9.39 fails as a matter of law because, *inter alia*, Plaintiffs' allegations do not involve unclaimed, lost, and/or misappropriated funds.

137. All municipal income taxes collected by the City of Gahanna have been accounted for, paid over, and/or distributed according to, and authorized by, local ordinance as well as state and federal law.

## FOURTEENTH DEFENSE

138. Plaintiffs' request to certify a class fails as a matter of law because they cannot meet the prerequisites of Fed. R. Civ. P. 23.

## FIFTEENTH DEFENSE

139. Plaintiffs failed to join necessary and/or interested parties under Fed. R. Civ. P. 19.

## SIXTEENTH DEFENSE

140. Regional Income Tax Agency Form 37 does not misapply and/or comply with Chapter 161 of the Gahanna Codified Ordinances.

141. Chapter 161 of the Gahanna Codified Ordinances defines the proper computations for the calculations of tax due the City of Gahanna as well as the proper computations for any credits allowed.

142. Tax Forms and instructions are tools to assist taxpayers in computing the tax liability. However, it is ultimately the taxpayer's responsibility to compute the proper tax liability according to the code.

## SEVENTEENTH DEFENSE

143. Defendants reserve the right to assert such other matters that constitute an avoidance or affirmative defense, as may be shown applicable through discovery, further investigation, or otherwise.

WHEREFORE, defendants City of Gahanna and Gahanna Finance Director Jennifer Teal respectfully request this Court dismiss Plaintiffs' claims against them with prejudice as frivolous, assess costs to Plaintiffs, find Defendants are the prevailing party, award Defendants reasonable attorney's fees, and order any other relief deemed necessary and proper by this Court.

Respectfully submitted,

WILES, BOYLE, BURKHOLDER
& BRINGARDNER CO., LPA


/s/ Brian M. Zets
Brian M. Zets (0066544)
300 Spruce Street, Floor One
Columbus, Ohio 43215-1173
(614) 221-5216
(614) 221-5692 (FAX)
Email: bzets@wileslaw.com
*Trial Attorney for Defendants
City of Gahanna and Jennifer Teal*

## DEMAND FOR JURY TRIAL

Defendants City of Gahanna and Jennifer Teal hereby individually and together request a trial by jury on all issues so triable in Plaintiffs' complaint.

/s/ Brian M. Zets
Brian M. Zets

## CERTIFICATE OF SERVICE

I certify that on this 6th day of August 2012, I electronically filed a copy of the foregoing *Answer of Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal with Demand for Jury Trial Endorsed Hereon* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. All Parties may access this filing through the Court's system.

/s/ Brian M. Zets
Brian M. Zets