**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DOUGLAS P. LABORDE,** | : | |
| Plaintiff, | : | Case No.: 2:12-CV-697 |
| v. | : | Judge: Gregory Frost |
| **THE CITY OF GAHANNA, et al.,** | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT REGIONAL INCOME TAX AGENCY
TO PLAINTIFF'S VERIFIED COMPLAINT**

Now comes Defendant Regional Income Tax Agency ("RITA"), by and through undersigned counsel, and for its response to Plaintiff's Verified Complaint, states the following:

1. Deny for lack of knowledge.
2. Deny for lack of knowledge.
3. Deny for lack of knowledge.
4. Admit.
5. Admit.
6. Deny for lack of knowledge.
7. Deny for lack of knowledge.
8. Deny for lack of knowledge.
9. Deny for lack of knowledge.
10. Deny for lack of knowledge.
11. Admit.

12. Admit that city code sections as enumerated in paragraph 12 of Plaintiff's Verified Complaint involve the levying of taxes, aver that the tax code speaks for itself, and deny all remaining allegations in paragraph 12 for lack of knowledge.

13. Admit.

14. Admit.

15. Admit that paragraph 15 of the Complaint recites certain sections of 161.05 from the City of Gahanna tax code and deny all remaining allegations in paragraph 15 for lack of knowledge.

16. Admit that paragraph 16 of the Complaint recites certain sections of 161.05 from the City of Gahanna tax code and deny all remaining allegations in paragraph 16 for lack of knowledge.

17. Deny.

18. Deny.

19. Deny.

20. Admit that Form 37 is an acceptable tax form to Defendants and deny all remaining allegations of paragraph 20.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny for lack of knowledge.

35. Deny for lack of knowledge.

36. Deny for lack of knowledge.

37. Deny for lack of knowledge.

38. Deny for lack of knowledge.

39. Deny for lack of knowledge.

40. Deny for lack of knowledge.

41. Deny for lack of knowledge.

42. Deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny for lack of knowledge.

47. Deny.

48. Deny for lack of knowledge.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

## COUNT ONE
## Declaratory Judgment As To Gahanna City Code § 161.18

62. RITA hereby reincorporates all previous admissions or denials as if fully restated.

63. Deny for lack of knowledge.

64. Deny for lack of knowledge.

65. Deny.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## COUNT TWO
## Declaratory Judgment As To Form 37 (for Tax Years 2009-2011)

71. RITA hereby reincorporates all previous admissions or denials as if fully restated.

72. Deny.

73. Deny.

74. Deny.

75. Deny for lack of knowledge.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Deny.

81. Deny.

## COUNT THREE
## Declaratory Judgment As To Gahanna City Code 161.05

82. RITA hereby reincorporates all previous admissions or denials as if fully restated.

83. Deny for lack of knowledge.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

## COUNT FOUR
## Taking Under The Ohio Constitution

90. RITA hereby reincorporates all previous admissions or denials as if fully restated.

91. Admit that paragraph 91 quotes a portion of the Constitution of the State of Ohio but deny any remaining allegations in paragraph 91.

92. Deny.

93. Deny.

94. Deny.

95. Deny.

## COUNT FIVE
## Taking Under The United States Constitution

96. RITA hereby reincorporates all previous admissions or denials as if fully restated.

97. Admit that paragraph 97 quotes in part the Fifth Amendment of the Constitution of the United States of America but deny any remaining allegations in paragraph 97.

98. Deny.

99. Deny.

100. Deny.

101. Deny.

## COUNT SIX
## Violation of 42 USC § 1983

102. RITA hereby reincorporates all previous admissions or denials as if fully restated.

103. Admit that paragraph 103 quotes certain portions of 42 USC § 1983 but deny any remaining allegations in paragraph 103.

104. Deny.

105. Deny.

## COUNT SEVEN
## Injunctive Relief

106. RITA hereby reincorporates all previous admissions or denials as if fully restated.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

## COUNT EIGHT
## Unjust Enrichment

111. RITA hereby reincorporates all previous admissions or denials as if fully restated.

112. Deny.

113. Deny.

114. Deny.

115. Deny.

## COUNT NINE
## Strict Liability Under Ohio Revised Code § 9.39

116. RITA hereby reincorporates all previous admissions or denials as if fully restated.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

121. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

122. RITA is entitled to all applicable immunities, defenses, and limitations on liability which are set forth in Chapter 2744 of the Ohio Revised Code.

### THIRD DEFENSE

123. At all times relevant, RITA acted in a reasonable good faith manner and not in contravention with any clearly established federal or state right.

124. RITA is protected by absolute and/or qualified immunities.

### FOURTH DEFENSE

125. Plaintiff's claims against RITA are barred by *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) and its progeny.

126. Plaintiff's claims against RITA fail under *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) because Plaintiff's Complaint fails to allege, and Plaintiff cannot prove, RITA was

7

personally involved in the alleged unconstitutional action about which Plaintiff is complaining.

**FIFTH DEFENSE**

127. The doctrines of waiver and estoppel bar some, if not all, of Plaintiff's claims.

**SIXTH DEFENSE**

128. Plaintiff's § 1983 claim must be dismissed because he cannot demonstrate the violation or deprivation of a right secured by federal law.

**SEVENTH DEFENSE**

129. Some, if not all, of Plaintiff's claims are barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

130. Plaintiff has failed to exhaust his administrative remedies.

131. Plaintiff's failure to exhaust administrative remedies is a jurisdictional defect which deprives this Court of subject matter jurisdiction.

**NINTH DEFENSE**

132. Plaintiff is not entitled to a preliminary or permanent injunction.

**TENTH DEFENSE**

133. A real actual controversy, which is justiciable in character, does not exist between the parties.

134. Speedy relief is not necessary for the preservation of rights which may by otherwise impaired or lost.

**ELEVENTH DEFENSE**

135. Plaintiff's claims for unjust enrichment fail because: there has been no benefit conferred by Plaintiff upon RITA; RITA has no knowledge of the alleged benefit; and

retention of the alleged benefit by RITA under circumstances is not unjust to do so without payment.

**TWELFTH DEFENSE**

136. Plaintiff's claim under Ohio Rev. Code § 9.39 fails as a matter of law because, *inter alia*, Plaintiff's allegations do not involve unclaimed, lost, and/or misappropriated funds.

137. All municipal income taxes collected by RITA have been accounted for, paid over, and/or distributed according to, and authorized by, local ordinance as well as state and federal law.

**THIRTEENTH DEFENSE**

138. Plaintiff's request to certify a class fails as a matter of law because he cannot meet the prerequisites of Fed.R.Civ.P. 23.

**FOURTEENTH DEFENSE**

139. Plaintiff failed to join necessary parties and/or interested parties under Fed.R.Civ.P. 19.

**FIFTEENTH DEFENSE**

140. RITA does not misapply and/or comply with Chapter 161 of the Gahanna Codified Ordinances.

141. Chapter 161 of the Gahanna Codified Ordinances defines the proper computations for the calculations of tax due the City of Gahanna as well as the proper computations for any credits allowed.

142. Tax forms and instructions are tools to assist taxpayers in computing tax liability. However, it is ultimately the taxpayer's responsibility to compute the proper tax liability according to the code.

**SIXTEENTH DEFENSE**

143. RITA reserves the right to assert such other matters that constitute an avoidance or affirmative defense, as may be shown applicable through discovery, further investigation, or otherwise.

**WHEREFORE,** Defendant Regional Income Tax Agency, having fully answered Plaintiff's Verified Complaint, respectfully requests the same be dismissed against them with prejudice as frivolous, asses all costs to Plaintiff, find RITA the prevailing party, award RITA reasonable attorney's fees, and order any other such relief this Court deems just and proper.

          **Respectfully submitted,**

          */s/ Gregory D. Brunton*
          Gregory D. Brunton, Trial Counsel  (0061722)
          **REMINGER CO., LPA**
          65 East State Street, Suite 400
          Columbus, Ohio 43215-47227
          Tel: (614) 228-1311; Fax: (614) 232-2410
          E-Mail:  gbrunton@reminger.com

          *Counsel for Defendant*
          *Regional Income Tax Agency*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served via the Court's CM/ECF system, this the  22nd   day of August 2012, upon:

| | |
|---|---|
| Todd H. Neuman, Trial Counsel | Brian M. Zets |
| Rick L. Ashton, Of Counsel | Wiles Boyle Burkholder & Bringardner |
| **ALLEN KUEHNLE STOVALL & NEUMAN LLP** | 300 Spruce Street |
| 17 S. High Street, Suite 1220 | Floor One |
| Columbus, Ohio 43215 | Columbus, Ohio 43215-1173 |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| *Douglas P. LaBorde* | *City of Gahanna and Jennifer Teal* |

　　　　　　　　　　　　　　 /s/  *Gregory D. Brunton*
　　　　　　　　　　　　　　Gregory D. Brunton, Trial Counsel     (0061722)