IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS P. LABORDE, | : |
| Plaintiff, | : Case No.: 2:12-CV-697 |
| v. | : Judge: Gregory Frost |
| THE CITY OF GAHANNA, et al., | : |
| Defendants. | : |

### DEFENDANT REGIONAL INCOME TAX AGENCY'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Now comes Defendant, Regional Income Tax Agency ("RITA"), by and through the undersigned counsel, and hereby moves this Court for Judgment on the Pleadings, pursuant to F.R.C.P. 12(c), as it relates to Plaintiffs' federal law claims for violation of the Fifth Amendment to the United States Constitution and for violation of 11 U.S.C. §1983, as well as Plaintiff's request for injunctive relief. A Memorandum in Support of this Motion is attached and incorporated.

Respectfully submitted,

/s/ *Gregory D. Brunton*
Gregory D. Brunton, Trial Counsel    (0061722)
**REMINGER CO., LPA**
65 East State Street, Suite 400
Columbus, Ohio 43215-47227
Tel: (614) 228-1311; Fax: (614) 232-2410
E-Mail: gbrunton@reminger.com

*Counsel for Defendant*
*Regional Income Tax Agency*

1

**MEMORANDUM IN SUPPORT**

I.    **FACTUAL BACKGROUND.**

Plaintiffs filed this action in the Franklin County Court of Common Pleas on July 3, 2012. Plaintiffs Douglas P. LaBorde and Carla J. LaBorde brought this action against Defendants City of Gahanna, Regional Income Tax Agency (hereinafter "RITA") and Jennifer Teal, in her individual capacity and as the Finance Director for the City of Gahanna. Plaintiffs, who reside in Gahanna, Ohio, brought the action to "secure redress for themselves and others similarly situated based upon Defendants' adoption and use of individual municipal income tax returns which fail to follow applicable law as to the computation of available tax credits." (Complaint, E.C.F. #2, ¶1). Defendant Gahanna is a municipal corporation located in Franklin County, Ohio. (*Id.*, ¶4). RITA was allegedly "created by members of a Regional Council of Governments under §167 of the Ohio Revised Code, to collect and distribute municipal income taxes" and was the "entity appointed as the 'tax administrator' for Gahanna under Gahanna City Code §161.02(a)(48)." (*Id*, ¶5). Further, as indicated previously, Teal is the Finance Director for the City of Gahanna (*Id.*, ¶6).

Plaintiffs further allege that they filed 2009 Gahanna Municipal Income Tax returns with RITA, 2010 Gahanna Municipal Income Tax returns with RITA, and 2011 Municipal Income Tax returns with RITA, all utilizing what Plaintiffs call "Form 37." (*Id.* ¶¶35 – 39). Plaintiffs allege that the "Form 37 cost Plaintiffs' tax credit to be understated by $347 in 2009, $438 in 2010, and $473 in 2011." (*Id.* ¶42). Plaintiffs allege that "Defendants have mandated the use of Tax Form 37 (or forms generated therefrom) for all individuals who are residents of Gahanna and whom are entitled to the Tax Credit ("Form 37")." (*Id.*, ¶18). Plaintiffs further allege that "Form 37 that Gahanna residents are required to use... does not comport with Gahanna City Code... ." (*Id.*, ¶22). Further, Plaintiffs allege that "the use of

Form 37 results in the taxpayer not receiving the full tax credit the taxpayer is entitled to under the Gahanna Tax Code for taxes paid to a municipality other than Gahanna." (*Id.*, ¶23).

As a result of these allegations, Plaintiffs have asserted numerous claims against Defendants, including: declaratory judgment as to Gahanna City Code §161.18 (*Id.*, ¶¶ 62 – 70); declaratory judgment as to Form 37 (*Id.*, ¶¶ 71 – 81); declaratory judgment as to Gahanna City Code §161.05 (*Id.*, ¶¶ 82 – 89); taking under the Ohio Constitution (*Id.*, ¶¶ 90 – 95); taking under the United States Constitution (*Id.*, ¶¶ 96 – 101); violation of 11 U.S.C. §1983 (*Id.*, ¶¶ 102 – 105); injunctive relief (*Id.*, ¶¶ 106 – 110); unjust enrichment (*Id.*, ¶¶ 111 – 115); and strict liability under Ohio Revised Code §19.39 (*Id.*, ¶¶ 116 – 120).

This case was removed to Federal Court under the federal question doctrine based on the two federal claims Plaintiffs have asserted, including the takings claim under the Fifth Amendment to the United States Constitution (*Id.*, ¶¶ 96 – 101) and violation of 11 U.S.C. §1983 (*Id.*, ¶¶ 102 -105). The applicable case law cited below clearly demonstrates that Plaintiffs' federal claims, both the taking under the Fifth Amendment, as well as the alleged violation of 42 U.S.C. §1983, are barred by applicable precedent. Further, this court is barred from issuing the requested injunctive relief. (*Id.*, ¶¶ 106-110). As such, Defendant RITA is entitled to judgment as a matter of law on these claims.

## II. LAW & ARGUMENT.

### A. Judgment On The Pleadings Standard.

F.R.C.P. 12(c) states that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

3

A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007) (internal citations omitted).

A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555; *see also Iqbal,* 556 U.S. at 678 ("Thread bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). "[A] naked assertion ... gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility ...". *Twombly,* 550 U.S. at 557. Thus, "something beyond the mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-58 (internal citations omitted).

**B.    The City Of Gahanna, And RITA, As The Tax Administrator, Are Authorized To Collect Municipal Income Tax.**

The Plaintiffs have alleged federal claims against Defendants as it relates to the collection of municipal income tax. It must initially be recognized that the authority of the

4

City of Gahanna, as a municipality, to collect income tax is vested in it pursuant to the Ohio Constitution and Ohio Supreme Court precedent. See *Williams v. City of Columbus*, 40 Ohio App. 3d 71, 72-73, 531 N.E.2d 1336, 1338 (1987), citing *Angell v. Toledo* (1950), 153 Ohio St. 179, 41 O.O. 217, 91 N.E.2d 250. In *Angell*, the Court held that:

> "1. Ohio municipalities have the power to levy and collect income taxes in the absence of the pre-emption by the General Assembly of the field of income taxation and subject to the power of the General Assembly to limit the power of municipalities to levy taxes under Section 13 of Article XVIII or Section 6 of Article XIII of the Ohio Constitution.

*Id.*, ¶ 1 of the syllabus. Plaintiffs claim that despite this recognized authority vested in the City of Gahanna, and RITA's authority as the alleged "Tax Administrator," the Defendants' calculation of a tax credit and collection of certain taxes is illegal. Based upon this allegation of illegal taxation, Plaintiffs have asserted claims for violations of federal law, including a taking claim under the Fifth Amendment to United States Constitution and a claim for violation of 11 U.S.C. §1983. As the case law outlines below, Plaintiff is barred from asserting these federal claims against RITA.

### C. Plaintiffs' Fifth Amendment Takings Claim Fails Because A Tax Does Not Constitute A Taking.

Plaintiffs have alleged that "Form 37, as prescribed by Defendants, does not conform with the existing law, specifically, City Code §161.18," of the Gahanna City Code. (ECF No. 2, ¶98). Plaintiffs allege that "the overpayments made by Plaintiffs and the Class, by virtue of Defendants' adoption of Form 37 and its understatement of the Tax Credit, including any improper interest, penalties, and estimated tax payments, while in the Defendants' custody is private property." (*Id.*, ¶99). Further, Plaintiffs allege that "Defendants' unlawful retention of, and failure to return, the overpayments, interest, penalties and estimated tax payments constitute the taking of Plaintiffs' and the Class's private property without compensation and, as such, is a deprivation of Plaintiffs' and the Class's rights secured

5

under the Fifth and Fourteenth Amendments to the United States Constitution." (*Id.*, ¶101).[1] Thus, Plaintiffs have claimed that Defendants' alleged illegal collection of municipal income tax is a violation of the Fifth Amendment to the United States Constitution.

Plaintiffs' allegations do not constitute a taking under the Fifth Amendment of the United States Constitution. As a matter of law, tax collection is not a cognizable taking under the Fifth Amendment. *Montagne v. United States*, 09-201, 2009 WL 3754171 (Fed. Cl. Oct. 30, 2009), citing *U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed.Cir.2002) (holding that taxes are not private property that can be physically "taken" by the Government). As the United States Court of Federal Claims has held, "[t]axes do indeed 'take' income, but this is not the sense in which the Constitution uses 'takings'" and that "the lawful exercise of the Government's collection powers does not amount to a prohibited Fifth Amendment 'taking'." *Id.*, citing *Skillo v. United States*, 68 Fed.Cl. 734, 743 (2005).

Moreover, even though taxes or special municipal assessments indisputably "take" money from individuals or businesses, assessments of that kind are not treated as *per se* takings under the Fifth Amendment. *Branch v. United States*, 69 F.3d 1571, 1576-77 (Fed. Cir. 1995), citing *Houck v. Little River Drainage Dist.*, 239 U.S. 254, 264-65, 36 S.Ct. 58, 62, 60 L.Ed. 266 (1915) (special assessment is not unlawful under the Takings Clause "unless the exaction is a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property"); *Cole v. LaGrange*, 113 U.S. 1, 8, 5 S.Ct. 416, 419, 28 L.Ed. 896 (1885) ("the taking of property by taxation requires no other compensation than the taxpayer receives in being protected by the government to the support of which he contributes"); *County of Mobile v. Kimball*, 102 U.S. 691, 703, 26 L.Ed. 238 (1880)

---

[1] Plaintiffs allege that the violation of the Fifth Amendment to the United States Constitution is made applicable to the states, and thus the Defendants here, by the Fourteenth Amendment. (*Id.*, ¶97).

6

("neither is taxation for a public purpose, however great, the taking of private property for public use, in the sense of the Constitution").

The Sixth Circuit Court of Appeals, in the case of *King v. Sloane*, 545 F.2d 7, 8 (6th Cir. 1976), addressed an analogous situation to the facts of this case. The Sixth Circuit recited the facts which formed the basis in *King*, and noted that:

> The voters of the City of Louisville and Jefferson County, Kentucky, overwhelmingly approved a 1974 referendum to fund a Mass Transit Authority. The funding was accomplished by an increase of two-tenths of one per cent in the local occupational license tax. The taxpayer is a citizen of Indiana who is employed in Jefferson County, Kentucky. Since January 1, 1975, he has been required to pay an additional $2.05 per month in taxes."

*Id.*, at 8. Plaintiff alleged that the tax was a violation of the Fifth Amendment. *Id.* The Sixth Circuit recognized and held that "federal courts will not entertain actions for relief from State or local taxes unless federal rights are protected in no other way.[2] *Id.*, citing *Lynch v. Household Finance Corp.*, 405 U.S. 538, 542 n. 6, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); *Matthews v. Rodgers*, 284 U.S. 521, 52 S.Ct. 217, 76 L.Ed. 447 (1932); Dows v. City of Chicago, 78 U.S. (11 Wall.) 108, 20 L.Ed. 65 (1871). See also *Perez v. Ledesma*, 401 U.S. 82 at 126-27 n. 17, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (opinion of Brennan, J.).

Moreover, courts have repeatedly recognized that Fifth Amendment takings claims cannot be based upon the collection of alleged illegal taxes, no matter whether the Plaintiff is alleging a per se taking or a regulatory taking. See *Stephanatos v. United States*, 306 F. App'x 560, 564-65 (Fed. Cir. 2009), citing *Commonwealth Edison Co. v. United States*, 271 F.3d 1327, 1339 (Fed.Cir.2001) (en banc) ("[R]egulatory actions requiring the payment of money are not takings."); *Branch v. United States*, 69 F.3d 1571, 1576 (Fed.Cir.1995)

---

[2] Here, Ohio has provided a statutory scheme in order to protect the rights of tax payers. See O.R.C. 2723, et seq.

("[E]ven though taxes or special municipal assessments indisputably 'take' money from individuals or businesses, assessments of that kind are not treated as *per se* takings under the Fifth Amendment.").

Here, Plaintiffs' claim for a taking under the Fifth Amendment fails. The precedent, cited above, makes clear that a municipal income tax does not constitute a taking, either per se or regulatory, under the Fifth Amendment. Further, there is an available state remedy to Plaintiffs under O.R.C. 2723, and thus, this Court must not entertain this action for relief from Gahanna's municipal income tax. See *King*, 545 F.2d at 8. Therefore, according to this clear precedent, Plaintiffs' claim for a taking under the Fifth Amended is not actionable, and thus RITA is entitled to judgment as a matter of law on this claim.

> **D. RITA Is Entitled To Judgment As A Matter Of Law On Plaintiffs' §1983 Claim Because Plaintiffs Cannot Satisfy The Basic Elements Of The Claim.**

Plaintiffs have also asserted a claim for violation of 42 U.S.C. §1983. (ECF No. 2, ¶¶102-105). Plaintiffs allege that "Defendants' prescription of Form 37 constitutes a custom, usage, policy, statement, ordinance, regulation, or other decision officially adopted by Defendants which falls under 42 U.S.C. §1983." (*Id.*, ¶104). Plaintiffs allege that "by prescribing and adopting Form 37, which fails to confirm with existing law (specifically City Code §161.18) thereby taking Plaintiffs' and the Class's private property without compensation, Defendants are acting under color of law and have unlawfully deprived Plaintiffs and the Class of their constitutional rights secured by the Fifth and Fourteenth Amendments to the United States Constitution." (*Id.*, ¶105).

Even if one assumes the facts as alleged in Plaintiffs' Complaint to be true, Plaintiffs have no legal basis for their §1983 claim. The terms of §1983 make plain two elements that are necessary for recovery. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970). First, the plaintiff must prove that the defendant has

8

deprived him of a right secured by the 'Constitution and laws' of the United States. *Id*. Second, the plaintiff must show that the defendant deprived him of this constitutional right 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.'

Here, even assuming the factual allegations in Plaintiffs' Complaint to be true, Plaintiffs' §1983 claim fails to establish the prima facie elements for such a claim. The "right secured by the 'Constitution and laws' of the United States," which Plaintiffs allege they were deprived of, are those rights outlined under the Fifth Amendment, *i.e.* Plaintiffs have suffered a taking without compensation. This is the first element of Plaintiffs' §1983 claim. However, as noted above, Plaintiffs do not have a takings claim under the Fifth Amendment, as a matter of law. Thus, Plaintiffs' §1983 claim also fails as a matter of law and RITA is entitled to judgment on the pleadings.

### E. Plaintiffs' Federal Law Claims Must Be Dismissed On The Principle of Comity.

The principles of comity also prevents this Court from ruling on Plaintiffs' federal law claims. The United States Supreme recently examined the principle of comity, in the context of a state tax issue, in *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2330, 176 L. Ed. 2d 1131 (2010), and held that:

> The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects
>
>> "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Fair Assessment*, 454 U.S., at 112, 102 S.Ct. 177 (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).
>
> Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial

9

>activity. For "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Dows v. Chicago,* 11 Wall. 108, 110, 20 L.Ed. 65 (1871).
>
>"An examination of [our] decisions," this Court wrote more than a century ago, "shows that a proper reluctance to interfere by prevention with the fiscal operations of the state governments has caused [us] to refrain from so doing in all cases where the Federal rights of the persons could otherwise be preserved unimpaired." *Boise Artesian Hot & Cold Water Co. v. Boise City,* 213 U.S. 276, 282, 29 S.Ct. 426, 53 L.Ed. 796 (1909). Accord *Matthews v. Rodgers,* 284 U.S. 521, 525–526, 52 S.Ct. 217, 76 L.Ed. 447 (1932) (So long as the state remedy was "plain, adequate, and complete," the "scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it.").

What this case law demonstrates is a consistent restraint by federal courts to utilize federal remedies in cases concerning state tax issues. Ohio had provided for an available state remedy that is "plain, adequate, and complete," under O.R.C. 2723, *et seq.*, for taxes that are allegedly illegally collected. Thus, under the principle of comity, this Court should grant RITA's judgment on the pleadings as it relates to Plaintiffs' federal law claims.

Further, the United States Supreme Court has specifically held that §1983 claims brought on the basis of state taxes are barred under the principle of comity. See *Fair Assessment in Real Estate Ass'n, Inc. v. McNary,* 454 U.S. 100, 116, 102 S. Ct. 177, 186, 70 L. Ed. 2d 271 (1981) (Holding that "we hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.") citing, *Huffman v. Pursue, Inc.,*

420 U.S., at 605, 95 S.Ct., at 1208-1209; *Matthews v. Rodgers, supra,* 284 U.S., at 526, 52 S.Ct., at 220.

Thus, based upon the principle of comity, Plaintiffs' federal law claims for takings under the Fifth Amendment to the United States Constitution and for the violation of 11 U.S.C. §1983 are barred. Accordingly, RITA is entitled to judgment as a matter of law on these claims.

### F. The Tax Injunction Act And The Principle Of Comity Prevents This Court From Exercising Jurisdiction Over This Matter, Including Plaintiffs' Request For Injunctive Relief.

Plaintiffs' Complaint alleges not only claims for monetary relief, but also requests injunctive relief. (E.C.F. NO. 2, ¶¶ 106-110). Under the Tax Injunction Act ("TIA"), a federal court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When the TIA applies, it operates as a bar to federal jurisdiction. *Wenz v. Rossford Ohio Transp. Improvement Dist,* 392 F. Supp. 2d 931, 935 (N.D. Ohio 2005), citing *Hedgepeth v. Tennessee,* 215 F.3d 608, 612 (6th Cir.2000). "The TIA has ... been broadly interpreted to bar suits for declaratory relief, injunctive relief, as well as monetary relief when there is an adequate remedy in state court." *Id.,* citing *Hedgepeth* at 612 n. 4 (citing *California v. Grace Brethren Church,* 457 U.S. 393, 408-10, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982) and *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 586-88, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995)). In *Fair Assessment in Real Estate Ass'n v. McNary,* the Supreme Court held that:

> [Section] 1341 and our comity cases have thus far barred federal courts from granting injunctive and declaratory relief in state tax cases....
> [W]e decide today that the principle of comity bars federal courts from granting damages relief in such cases....

11

> [W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.

454 U.S. 100, 107, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). The federal common-law principle of comity embodied in *Fair Assessment* "reflects some of the same concerns that led Congress to enact the Tax Injunction Act," but "stands on its own bottom, and extends to cases seeking monetary damages as well as injunctive or other equitable relief." *Wenz*, 392 F. Supp. 2d at 935, citing *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir.2004). What these cases make clear is that Plaintiffs' federal law claims cannot be maintained based upon the principles of comity and application of the TIA, this court cannot issue the requested injunctive relief, and that this court cannot retain jurisdiction over this case.

Here, the TIA applies to Plaintiffs' claims and bars this court from issuing the requested injunctive relief and maintaining jurisdiction of this case. First, Plaintiffs' have specifically alleged that the issue in this case is the collection of municipal income tax. (E.C.F., #2, ¶1). Second, municipal income taxes qualify as taxes collected under State Law, for purposes of the TIA. See *Hibbs v. Winn*, 542 U.S. 88, 100, 124 S. Ct. 2276, 2285, 159 L. Ed. 2d 172, fn.1 (2004)(State taxation, for § 1341 purposes, includes local taxation. See 17 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4237, pp. 643-644 (2d ed. 1988) ["Local taxes are imposed under authority of state law and the courts have held that the Tax Injunction Act applies to them."]; R. Fallon, D. Meltzer, & D. Shapiro, Hart and Wechsler's The Federal Courts and the Federal System 1173 (5th ed. 2003) ["For purposes of the Act, local taxes have uniformly been held to be collected 'under State law.'"]). Third, there is "a plain, speedy and efficient remedy" available to the Plaintiffs in state court. See O.R.C. 2723, et seq. Thus, the TIA applies and supports the positions that this court cannot retain jurisdiction over this state tax case, cannot issue the requested injunctive relief, and the position that Plaintiffs' federal claims must be dismissed. It would be inconsistent to

permit the Plaintiffs to proceed on their federal law claims, but to deny the federal court jurisdiction to hear such claims.

Therefore, this court must dismiss Plaintiffs' federal law claims, for takings under the Fifth Amendment to the United States Constitution and for the violation of 11 U.S.C. §1983, and must relinquish jurisdiction of this case.

### III. CONCLUSION.

RITA is entitled to judgment as a matter of law on Plaintiffs' claims for violation of federal law, including the takings claim under the Fifth Amendment, and the alleged violation of 42 U.S.C. §1983. The case law makes clear that the collection of municipal tax does not amount to either a per se or a regulatory taking under the Fifth Amendment to the United States Constitution. Plaintiffs' §1983 claim fails because Plaintiffs are unable to prove an underlying deprivation of a federal right. The principle of comity prevents Plaintiffs from proceeding on these federal law claims. Further, the Tax Injunction Act requires that this court dismiss Plaintiffs' federal law claims and relinquish jurisdiction of this case.

For these reasons, Defendant, the Regional Income Tax Agency, moves this Court for judgment on the pleadings.

**Respectfully submitted,**

*/s/ Gregory D. Brunton*

Gregory D. Brunton, Trial Counsel     (0061722)
**REMINGER CO., LPA**
65 East State Street, Suite 400
Columbus, Ohio 43215-47227
Tel: (614) 228-1311; Fax: (614) 232-2410
E-Mail: gbrunton@reminger.com

*Counsel for Defendant*
*Regional Income Tax Agency*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been served via the Court's CM/ECF system, this 3rd day of December 2012, upon:

Todd H. Neuman, Trial Counsel
Rick L. Ashton, Of Counsel
**ALLEN KUEHNLE STOVALL & NEUMAN LLP**
17 S. High Street, Suite 1220
Columbus, Ohio 43215

*Counsel for Plaintiff*
*Douglas P. LaBorde*

Brian M. Zets
Wiles Boyle Burkholder & Bringardner
300 Spruce Street
Floor One
Columbus, Ohio 43215-1173

*Counsel for Defendants*
*City of Gahanna and Jennifer Teal*

/s/ *Gregory D. Brunton*
Gregory D. Brunton, Trial Counsel   (0061722)

14