UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Douglas P. LaBorde, *et al.*, | : | |
| | : | CASE NO. 2:12-cv-00697 |
| Plaintiffs, | : | |
| | : | JUDGE FROST |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| The City of Gahanna, *et al.*, | : | |
| | : | CLASS ACTION |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS CITY OF GAHANNA AND GAHANNA FINANCE DIRECTOR JENNIFER TEAL'S MOTION TO DISMISS PLAINTIFFS' FIFTH AMENDMENT CLAIM**

Plaintiffs Douglas and Carla LaBorde (the "LaBordes") oppose *Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal's Motion to Dismiss Plaintiffs' Fifth Amendment Claim*[1] ("Motion to Dismiss") (doc. 14) because: (1) the failure to properly calculate and apply the tax credit at issue is a per se violation of the fifth amendment's taking clause; (2) the Tax Injunction Act is inapplicable; and (3) this Court should retain jurisdiction regardless of the ruling on the Motion to Dismiss.  Further, because the City of Gahanna and Gahanna Finance Director Jennifer Teal have attached an affidavit that is improper for purposes of Civil Rule 12(c), the LaBordes incorporate their separately-filed *Objection to the Inclusion of the Affidavit of Jennifer Teal Attached to Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal's Motion to Dismiss Plaintiffs' Fifth Amendment Claim*, as if fully restated herein.

---

[1] Although captioned as a motion to dismiss, the City of Gahanna and Gahanna Finance Director Jennifer Teal have filed an Answer in this matter (doc. 5), thus the motion should be for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).

## I.     INTRODUCTION AND FACTUAL BACKGROUND

The LaBordes, and the putative class they seek to represent, filed this action against the City of Gahanna ("Gahanna"), its Finance Director Jennifer Teal ("Teal" and together with Gahanna as the "Moving Defendants"), as well as the Regional Income Tax Agency ("RITA" and collectively with Gahanna and Teal as "Defendants") on July 3, 2012.  This lawsuit was originally filed in the Franklin County, Ohio Court of Common Pleas.  All Defendants removed the lawsuit to this Court via a notice of removal, filed August 1, 2012 (doc. 1) (the "Removal Notice").

The basis for this lawsuit is a simple one – the Defendants have not been following the Gahanna City Code with respect to the calculation of the "Credit for Tax Paid to Another Municipality" under Gahanna City Code §161.18 (the "Tax Credit").  The LaBordes and the class are simply asking that they be afforded with what the existing law provides.  To be clear, the LaBordes are <u>not</u> questioning whether Gahanna or RITA have the authority to collect taxes (they do), or whether Section 161 of the Gahanna City Code (the "City Code") is an illegal tax (it is not).

The Defendants' practice of improperly calculating the Tax Credit under City Code §161.18 involves the use of Tax Form 37, or its predecessor form, ("Form 37") for the relevant tax years.  *See* Complaint, ¶18; *see also* Exhibits A-H attached to the Complaint.  Form 37 contains the same or substantially same improper formula for calculating the Tax Credit.[2]  *Id*. at ¶21.

---

[2] Through discovery, the LaBordes have learned that Gahanna did not appoint RITA its tax administrator until 2009, thus Form 37 was not used by Gahanna for tax year 2008.  However, the form adopted and accepted by Gahanna for tax year 2008 contains the same or substantially the same formula for calculating the Tax Credit as Form 37.

2

As referenced in the Complaint, City Code §161.18 states as follows:

### 161.18 CREDIT FOR TAX PAID TO ANOTHER MUNICIPALITY.

(a) Every individual taxpayer who resides in the City, but who received net profits, salaries, wages, commissions, distributions from associations, or other compensation for work done or services performed or rendered outside the City, if it is made to appear that he has paid a municipal income tax or excise tax based on income, or such net profits, salaries, wages, commissions, distributions from associations, or other compensation in another municipality, shall be allowed a credit of eighty-three and one-third percent (83-1/3%) of the amount so paid by him or in his behalf in such other municipality to the extent of the tax assessed by this chapter, by reason of such net profits, salaries, wages, commissions or other compensation earned in such other municipality where such tax is paid. In no instance shall the allowable credit for tax paid another municipality exceed the amount of tax imposed by this chapter. Prior to any alteration of this section, Council shall, at least sixty days prior to any revision, conduct a minimum of three public hearings on any proposed amendment.

Complaint ¶ 16. To demonstrate the harm suffered by the LaBordes and the class, the Complaint contains a hypothetical to illustrate the difference between what City Code §161.18 states and the repeated, uniform, and improper practice of the Defendants in calculating the Tax Credit. *See id.* at ¶¶22-33. Specifically, for a class member who resides in Gahanna (1.5% tax rate), but works in the City of Columbus (2.5% tax rate), and who makes $100,000 per year, the class member would be entitled to a full credit against any tax due Gahanna, resulting in no tax being due to Gahanna by operation of City Code §161.18. *Id.* at ¶¶24-27.

In conspicuous contrast, under the same hypothetical, the Tax Credit formula as applied by the Defendants incorrectly results in an incorrect tax amount due Gahanna, per Form 37, in the amount of $250.00. *Id.* at ¶29. The reason for the discrepancy is that Form 37 improperly operates by applying the tax credit of 83 1/3% against the <u>lesser</u> of (1) the workplace tax withheld [i.e., $2,500] or (2) the amount of wages earned times the Gahanna rate of 1.5% [i.e., $1,500]. *See id.* at Exhibit I, p. 2 (Form 37, Worksheet 2, and lines 4-8); *see also id.* at ¶31.

Thus, Defendants' misapplication occurs by creating an artificial ceiling upon which the

3

credit percentage of 83 1/3% is applied.  This artificial ceiling is the sum of total income multiplied by the Gahanna tax rate ([total income] X 1.5%), rather than the amount paid by residents to other municipalities (the sum of which is limited to the total tax imposed by Gahanna).  *Id*. at ¶68.  Consequently, by virtue of Form 37's formula for computing the Tax Credit under City Code §161.18, the Tax Credit can never exceed the 83 1/3% of the tax imposed by Gahanna, which improperly renders superfluous the portion of City Code §161.18 stating: "[i]n no instance shall the allowable credit for tax paid another municipality exceed the amount of tax imposed by this chapter." *Id*. at ¶68.

For individuals who are residents of Gahanna, but have income from outside Gahanna, Form 37 does not comport with the City Code in that:

1. It has a faulty starting point for calculating the Tax Credit – i.e., 83 1/3% times the lower of the amount paid to the other municipality or amount of wages/income times 1.5%, rather than 83 1/3% times the amount paid for wages/income tax to the other municipality as stated in Section 161.18;

2. The result of this faulty starting point is a consistently understated Tax Credit, and overstated tax liability;

3. Otherwise refundable credits, such as estimated taxes paid to Gahanna, are then used to offset the overstated tax liability;

4.  Interest and penalties may be assessed on the overstated tax liability; and

5. Estimated tax payments may be required due to the overstated tax liability.

*Id*. at ¶¶32 – 32(e).

This dichotomy – the language of City Code §161.18 versus the Defendants' practice of calculating the Tax Credit by virtue of Form 37 – has harmed the LaBordes by understating their Tax Credit by $347 in 2009, $438 in 2010, and $473 in 2011. *Id*. at ¶ 42. It has further harmed the LaBordes by: (1) having them make tax payments when none were owing; (2) having them

4

make estimated quarterly tax payments, when none were owing; (3) not receiving otherwise refundable credits; (4) having them pay interest and penalties relating to the overstated tax liability; and (5) losing the use of their monies. *Id.* at ¶¶43 – 43(e). The class has been similarly affected and has similar damages. *Id.* at ¶¶46 – 61.

As a result, the LaBordes, on behalf of themselves and the class, filed this lawsuit with the following causes of action: (1) declaratory judgment as to the construction of City Code §161.18, *id.* at ¶¶62 – 70; (2) declaratory judgment that Form 37 does not properly calculate the Tax Credit in accordance with City Code §161.18, *id.* at ¶¶71 – 81; (3) declaratory judgment as to the construction of City Code §161.05, *id.* at ¶¶82 – 89; (4) violations of Article 1, §19 of the Constitution of the State of Ohio ("Taking"), *id.* at ¶¶90 – 95; (5) violations of the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment ("Taking"), *id.* at ¶¶96 – 101; (6) violations under 42 U.S.C. § 1983, *id.* at ¶¶102 – 105; (7) injunctive relief, *id.* at ¶¶106 – 110; (8) unjust enrichment, *id.* at ¶¶111 – 115; and (9) strict liability under Ohio Revised Code § 9.39, *id.* at ¶¶ 116 – 120.

**II.   LEGAL STANDARD**

The legal standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must but taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). Further, because a motion to dismiss is limited to the pleadings and the attachments thereto, the affidavit of Jennifer Teal should be disregarded for purposes of ruling on the Motion to Dismiss.

### III. ARGUMENT

#### A. The Defendants' Failure To Properly Calculate And Apply The Tax Credit Is A Per Se Violation Of The Fifth Amendment's Taking Clause

The Fifth Amendment to the United States Constitution provides, in relevant part, that "nor shall private property be taken for public use without just compensation." The "taking" of property consists of two types: (1) per se takings; and (2) regulatory takings. The former – a per se taking – generally involves a situation where the government physically appropriates private property for public purpose. *See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002). When a per se taking occurs, the government "has a categorical duty to compensate the former owner…." *Id.* at 322. On the other hand, a regulatory taking occurs "if a regulation goes too far…." *Id.* at 325-26. These situations exist when the government institutes some regulation, which effectively deprives the property owner of certain rights in the ownership of their property. *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 416 (1922) (stating: "[t]he general rule at least is, that while property may be regulated to a certain extent, if a regulation goes too far it will be recognized as a taking.").

The LaBordes and the class are asserting a per se taking. This taking is not simply the taking of "money" as argued by the Moving Defendants. *See* Motion to Dismiss, p. 6. Rather, the taking involves the Moving Defendants' taking of the LaBordes' Tax Credit, an intangible property interest, under City Code §181.16 which is mandated under City Code §161.05. Specifically, City Code §161.05 states, in relevant part, "[t]he taxpayer making a return shall, at the time of the filing thereof, pay to the Tax Administrator the amount of taxes shown as due. However, credit <u>shall</u> be allowed for: … [c]redit to the extent allowed by Section 161.18 for tax paid to another municipality." City Code §161.05(f) (emphasis added). Any money that should be refunded to the LaBordes or the class, by virtue of the Tax Credit, should be categorized as

6

part of the "just compensation" or damages that should be paid to the LaBordes and the class based upon the taking of their mandatory Tax Credit.[3]

To determine what constitutes "private property" for purposes of a takings analysis, federal courts often look to state law for guidance. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (stating: "[p]roperty interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."). This principal was further expounded in *Webb's Fabulous Pharms. v. Beckwith*, where the Court stated that,

> [A] state, by ipse dixit, may not transform private property into public property without compensation, even for the limited duration of the deposit in court. This is the very kind of thing that the Taking Clause of the Fifth Amendment was meant to prevent. That Clause stands against the arbitrary use of governmental power.

449 U.S. 155, 164 (1980). Intangible interests are considered "property" for purposes of the Fifth Amendment's Taking Clause. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003 (1984) (stating: "[t]hat intangible property rights protected by state law are deserving of the protection of the Taking Clause has long been implicit in the thinking of the Court.").

Credits, such as the one at issue here, are intangible property rights of the taxpayer. Ohio law is instructive in this regard. Section 5701 of the Ohio Revised Code is the definitional section for purposes of taxation. Specifically, Section 5701.09 of the Ohio Revised Code states that, "[a]s used in Title LVII of the Revised Code, "other taxable intangibles" and "other intangible property" include every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in sections 5701.01 to 5701.09,

---

[3] In their Motion to Dismiss, the Moving Defendants are only taking issue with what constitutes "property" as it relates to a Fifth Amendment taking analysis.

inclusive, of the Revised Code."[4] Additionally, the Ohio Supreme Court has held that tax credits "constitute a separate intangible asset." *See Woda Ivy Glen L.P. v. Fayette County Bd. of Revision*, 121 Ohio St.3d 175, 184 (2009). Analogous case law from other states confirms that tax credits are intangible property rights. *See Cottonwood Affordable Hous. v. Yavapai County*, 205 Ariz. 427, 429 (Ariz. Tax Ct. 2003) (holding that low income housing credits "constitute intangible property"). Thus, the Tax Credit provided by City Code §181.16 constitutes an intangible property right, and that this intangible property right is mandatory under City Code §161.05(f).

Failing to grasp this distinction, the Moving Defendants assert that "[t]his case involves not an interest in physical or intellectual property, but an ordinary liability to pay money." Motion to Dismiss, p. 6. The Moving Defendants then proceed to argue that money is fungible, thus it is not private property that can be physically occupied by the government. *Id*. This position is wrong for several reasons. First, as explained above, the Tax Credit at issue is a property right subject to Fifth Amendment Taking analysis. Second, several decisions by the United States Supreme Court have confirmed that pure monetary appropriation is subject to a Takings Clause analysis. *See Brown v. Legal Found. Of Wash.*, 123 S. Ct. 1406, 1419 (2003) (finding the per se taking applied to the governmental confiscation of interest generated by principal held in IOLTA accounts); *Phillips v. Wash. Legal Found.*, 524 U.S. 156, 172 (1998) (holding that interest income generated by principal held in IOLTA accounts is the private property of the owner of the principal for purposes of the Takings Clause); *Webb's Fabulous Pharmacies*, 449 U.S. at 164-65 (holding that government appropriation of interest earned on an interpleader fund while the funds was held in the court registry violated the Takings Clause).

---

[4] Although Ohio Revised Code §5701.07 has a definition of "Credits", that definition does not apply to the Tax Credit at issue here. Regardless, even if it did, it nonetheless establishes that a "credit" is a property right.

Ohio has followed in this regard.  *See Sogg v. Zurz*, 121 Ohio St. 3d 449, 452-53 (2009) (holding that interest earned on state unclaimed funds are private property).

Third, footnote 9 of the *Sperry* decision cited by the Moving Defendants – that money is fungible – is distinguishable and inapplicable.  *See* Motion to Dismiss, p. 6.  Tax credits are not fungible; rather, each is specific to the individual taxpayer and varies in amount.  And, even if the focus is money, as opposed to the Tax Credit, *Sperry* does not address the specific issue at hand in this lawsuit.  Perhaps understanding the weakness of their support, the Moving Defendants failed to include an additional and important portion of footnote 9; specifically, the potion that states: "[n]o special constitutional importance attaches to the fact that the Government deducted its charge directly from the award rather than requiring Sperry to pay it separately."  *U.S. v. Sperry Corp.*, 493 U.S. 52, 62 fn 9 (1989).  Thus, when viewed in its entirety, footnote 9 of *Sperry* stands for the unremarkable position that fees for services, including filing fees, can be deducted from awards from the Government without fear of a takings claim.  Other federal courts have confirmed that the position taken by the Moving Defendants is a stretched reading of *Sperry*.  *See Unity Real Estate Co. v. Hudson*, 889 F. Supp. 818, 845 (W.D. Pa. 1995) (stating that the position that only money is being taken is "a rather broad reading [of *Sperry*]" and "[t]hat portion of *Sperry Corp.* unsurprisingly turned back the claim that the deduction of a percentage of a monetary award *as a fee for services* could be analogized to the physical occupation of real property.")  Thus, *Sperry* is inapplicable to this matter.

Fourth, the Moving Defendants' citation to *Commonwealth Edison Co v. U.S.,* 271 F.3d 1327 (Fed. Cir. 2001) is also inapplicable because it involves a regulatory taking, not a per se taking.  The Supreme Court has stated that it is "inappropriate to treat cases involving physical

9

takings as controlling precedents for the evaluation of a claim that there has been a 'regulatory taking,' <u>and vice versa</u>." *Tahoe-Sierra Preserv. Council, Inc.*, 535 U.S. at 323 (emphasis added). This is because, "[t]he first category of cases [per se] requires courts to apply a clear rule; the second [regulatory] necessarily entails complex factual assessments of the purposes and economic effects of government actions." *Id*.  Under the per se category of taking (such as here), the government "has a categorical duty to compensate the former owner." *Id*. at 322.  As such, any citation by the Moving Defendants to a regulatory taking case is also summarily inapplicable in this case.

Lastly, the Moving Defendants' apocalyptic statement that if a takings claim is permitted here, it would subject "every municipal, state, and federal income tax" to a takings claim, is pure hyperbole.  *See* Motion to Dismiss, p. 7.  The LaBordes and the class are not taking the position that they should not pay taxes and they are not challenging the constitutionality or legality of any of the City Code Sections.  In stark contrast, the claims presented here are quite altruistic – Gahanna has adopted laws regarding what tax credits are available to its residents and the LaBordes and the class are simply requesting that the Moving Defendants follow their own laws.

### B. The Tax Injunction Act Is Inapplicable

The Moving Defendants' secondary argument is that federal jurisdiction is inappropriate by virtue of the Tax Injunction Act, 28 U.S.C. 1341 (the "TIA").  This position is unpersuasive because (1) the LaBordes and the class are not seeking to enjoin the assessment, levy, or collection of any taxes; (2) this suit nonetheless falls within the ambit of the Supreme Court's decision in *Hibbs v. Winn*, 542 U.S. 88 (2004); (3) the purported "state law remedy" is inapplicable; and (4) the LaBordes and the class are willing to forego any available injunctive relief until a final resolution has been made with respect to the construction of the City Code

sections at issue in this case and final certification of a injunctive class under Federal Rule of Civil Procedure 23(b)(2) has occurred.

As an initial matter, the Complaint is requesting certification of a Federal Rule of Civl Procedure 23(b)(2) class action (otherwise known as an injunctive class) because the Defendants have engaged in a course of conduct common to all class members. Complaint ¶¶46 – 51. The purpose of the lawsuit is not to stop the Defendants from the assessment, levy, or collection of any taxes; indeed, the purpose of this lawsuit is quite the opposite – it is requesting that the Defendants follow the City Code. *Id*. at ¶¶106 – 110. Thus, the nature of the LaBordes' claims are not encompassed within the Supreme Court's interpretation and application of the TIA, which addresses "cases in which state taxpayers seek federal court orders enabling them to avoid paying state taxes." *Hibbs*, 542 U.S. at 107 (emphasis added). Here, the LaBordes and the class have already paid their taxes, but they have paid too much because the Defendants have improperly calculated the Tax Credit. The Defendants should not avoid judicial review by prescribing a form and practice that does not conform to Gahanna's own laws.

Regardless of the scope of the injunctive relief requested by the LaBordes and the class, federal jurisdiction remains proper under *Hibbs*. In *Hibbs*, the Court held that the TIA did not bar the plaintiffs from bringing suit in federal court to challenge a state statute granting income tax credits for payments to organizations that awarded scholarships and tuition grants to children attending private schools. *Id.* at p. 92. In making this determination, the Court found that "[n]owhere does the history [of the TIA] announce a sweeping congressional direction to prevent federal-court interference with all aspects of state tax administration." *Id*. at syllabus 2(b). Also, the Court noted that, historically, federal courts had entertained challenges to state tax credits without conceiving of the TIA as a jurisdictional barrier. *See id*. at pp. 93-94. Finally, the Court

did not find persuasive that somehow the TIA should trump § 1983 actions.  *Id*. at p. 94. Because the LaBordes and the class are not seeking to avoid paying taxes and, as noted below, are only seeking prospective relief, the Court's holding in *Hibbs* – "[c]onsistent with the decades-long understanding prevailing on this issue, respondents' suit may proceed without any TIA impediment" – is eminently appropriate here.  *Id*. at p. 112.

Next, the Moving Defendants' "concession" that "LaBorde has an available State law remedy in R.C. Chapter 2723" evidences a fundamental misunderstanding of this lawsuit and is properly relegated to a footnote.  *See* Motion to Dismiss, p. 8, fn 1.  Ohio Revised Code §2723 involves enjoining "the illegal levy or collection of taxes…"  *See* O.R.C. 2723.01.  Once again, the LaBordes are not maintaining that any portion of the City Code is illegal.  In fact, their position is that it is legal; it is just not being enforced.  Thus, any perceived state law remedy in Ohio Revised Code §2723 is no remedy at all.

Lastly, insomuch as the Complaint could be construed to request relief enjoining the assessment, levy, or collection, the LaBordes agree to look solely to permanent injunctive relief, by virtue of their requested Federal Rule of Civil Procedure 23(b)(2) certification and, thus, will be requesting only perspective relief in accord with the Court's holding in *Hibbs*.  This, of course, fits with the theory of the LaBordes' case – they are asking for a determination as to how the Tax Credit should be calculated; insomuch as their interpretation is the correct interpretation, it would be quite surprising if the Defendants did not agree to modify their future tax forms to conform to that interpretation.

### C. This Court Should Maintain Jurisdiction Regardless Of The Ruling On The Motion To Dismiss

Perhaps it is unintentional irony that the Moving Defendants now wish to be back in state court after having removed this case to this Court on August 1, 2012 (doc. 1).  In fact, in their notice of removal, Defendants stated that,

> In addition to the Federal Question, the complaint alleges various state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Because Plaintiffs' state law and federal law claims describe a single injury, arising from the same interrelated series of events or transactions, <u>there are no separate or independent state law claims or causes of action</u>.  This Court, therefore, has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367 and 28 U.S.C. 1441(c).

Doc. 1, ¶3 (emphasis added).  Apparently after having taken full advantage of the federal discovery stay under Federal Rule of Civil Procedure 26(d)(1) (by tacking on additional time to respond to the discovery requests served with the LaBordes' complaint when originally filed in the state court), the Moving Defendants have radically changed their position, from the one cited in their Removal Notice to now claiming that this Court should now not exercise jurisdiction because the state claims "raise complex issue of municipal income tax administration and collection."  Motion to Dismiss, p. 9.

Regardless of the Moving Defendants' change of heart, this case should remain in this Court.  First, as stated above, the Motion to Dismiss should be denied in all respects. Additionally, all relevant factors weigh in favor of retaining jurisdiction – the parties have conducted written discovery, have scheduled oral depositions for January 2013, and the LaBordes have begun preparations of their motion for class certification under Federal Rule of Civil Procedure 23.  Lastly, the issues are not quite as complex as the Moving Defendants proffer

– one look at the language of City Code §161.18 as compared to how the Moving Defendants have calculated the Tax Credit explains why.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss should be denied.

                         Respectfully submitted,

                         /s/ TODD H. NEUMAN
                         Todd H. Neuman     (0059819)
                         ALLEN KUEHNLE STOVALL & NEUMAN LLP
                         17 South High Street, Suite 1220
                         Columbus, Ohio  43215-4100
                         Telephone:    (614) 221-8500
                         Facsimile:     (614) 221-5988
                         E-mail:          neuman@aksnlaw.com
                         *Trial Counsel for Plaintiffs*

Rick L. Ashton         (0077768)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio  43215-4100
Telephone:    (614) 221-8500
Facsimile:     (614) 221-5988
E-mail:          ashton@aksnlaw.com
*Co-Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing *Plaintiffs' Response To Defendants City Of Gahanna And Gahanna Finance Director Jennifer Teal's Motion To Dismiss Plaintiffs' Fifth Amendment Claim* has been served via the Court's CM/ECF systems, this 21st day of December, 2012, upon:

| | |
|---|---|
| Brian M. Zets | Gregory D. Brunton |
| WILES, BOYLE, BURKHOLDER & BRINGARDNER CO., LPA | REMINGER CO., LPA |
| 300 Spruce Street, Floor One | 65 East State Street, Suite 400 |
| Columbus, Ohio 43215 | Columbus, Ohio 43215 |
| *Trial Attorney for Defendants City of Gahanna and Jennifer Teal* | *Trial Attorney for Defendant Regional Income Tax Agency* |

                                          /s/ TODD H. NEUMAN
                                          Todd H. Neuman