**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Douglas P. LaBorde, *et al*., | : | CASE NO. 2:12-cv-00697 |
| | : | |
| Plaintiffs, | : | |
| | : | JUDGE FROST |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| The City of Gahanna, *et al.*, | : | |
| | : | CLASS ACTION |
| Defendants. | : | |

---

**PLAINTIFFS' RESPONSE TO DEFENDANT REGIONAL INCOME TAX AGENCY'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Plaintiffs Douglas and Carla LaBorde (the "LaBordes") oppose *Defendant Regional Income Tax Agency's Motion for Judgment on the Pleadings* ("Motion") (doc. 15) because: (1) the failure to properly calculate and apply the tax credit at issue is a per se violation of the Takings Clause of the Fifth Amendment to the United States Constitution; (2) the LaBordes have properly stated a claim under 42 U.S.C. § 1983; (3) principles of comity (even if applicable) do not require dismissal of any claims; (4) both the Tax Injunction Act and principles of comity are inapplicable; and (5) this Court should retain jurisdiction regardless of the ruling on the Motion.

## I. INTRODUCTION AND FACTUAL BACKGROUND

At the outset, it is important to underscore that Defendant Regional Income Tax Agency's ("RITA") characterization of the LaBordes' claims, as arising from some claim of illegal taxation, is manifestly wrong. *See* Motion, pp. 5-6 (stating that "Plaintiffs claim that…RITA's…collection of taxes is illegal" and "[b]ased on upon this allegation of illegal

taxation…"); ("[t]hus, Plaintiffs have claimed that Defendants' alleged illegal collection of municipal income tax is a violation of the Fifth Amendment to the United States Constitution.").

Properly understood, the basis for this lawsuit is a simple one – all defendants have not been following the Gahanna City Code with respect to the calculation of the "Credit for Tax Paid to Another Municipality" under Gahanna City Code §161.18 (the "Tax Credit"). The LaBordes and the class are simply asking that they be afforded with what the existing law provides. To be clear, the LaBordes are <u>not</u> questioning whether Gahanna or RITA have the authority to collect taxes (they do), or whether Section 161 of the Gahanna City Code (the "City Code") is an illegal tax (it is not).

The LaBordes, and the putative class they seek to represent, filed this action against the City of Gahanna ("Gahanna"), its Finance Director Jennifer Teal ("Teal"), as well as RITA (collectively the "Defendants") on July 3, 2012. RITA is Gahanna's tax administrator. Complaint, ¶5. This lawsuit was originally filed in the Franklin County, Ohio Court of Common Pleas. The Defendants removed the lawsuit to this Court via a Notice of Removal, filed August 1, 2012 (doc. 1) (the "Removal Notice").

The Defendants' practice of improperly calculating the Tax Credit under City Code §161.18 involves the use of Tax Form 37, or its predecessor form, ("Form 37") for the relevant tax years. *See* Complaint, ¶18; *see also* Exhibits A-H attached to the Complaint. Form 37 contains the same or substantially same improper formula for calculating the Tax Credit.[1] *Id.* at ¶21.

---

[1] Through discovery, the LaBordes have learned that Gahanna did not appoint RITA its tax administrator until 2009, thus Form 37 was not used by Gahanna for tax year 2008. However, the form adopted and accepted by Gahanna for tax year 2008 contains the same or substantially the same formula for calculating the Tax Credit as Form 37.

As referenced in the Complaint, City Code §161.18 states as follows:

## 161.18 CREDIT FOR TAX PAID TO ANOTHER MUNICIPALITY.

(a)     Every individual taxpayer who resides in the City, but who received net profits, salaries, wages, commissions, distributions from associations, or other compensation for work done or services performed or rendered outside the City, if it is made to appear that he has paid a municipal income tax or excise tax based on income, or such net profits, salaries, wages, commissions, distributions from associations, or other  compensation in another municipality, shall be allowed a credit of eighty-three and one-third percent (83-1/3%) of the amount so paid by him or in his behalf in such other municipality to the extent of the tax assessed by this chapter, by reason of such net profits, salaries, wages, commissions or other compensation earned in such other municipality where such tax is paid. In no instance shall the allowable credit for tax paid another municipality exceed the amount of tax imposed by this chapter. Prior to any alteration of this section, Council shall, at least sixty days prior to any revision, conduct a minimum of three public hearings on any proposed amendment.

*Id*. at ¶16.  To demonstrate the harm suffered by the LaBordes and the class, the Complaint contains a hypothetical to illustrate the difference between what City Code §161.18 states and the repeated, uniform, and improper practice of the Defendants in calculating the Tax Credit. *See id.* at ¶¶22-33.  Specifically, for a class member who resides in Gahanna (1.5% tax rate), but works in the City of Columbus (2.5% tax rate), and who makes $100,000 per year, the class member would be entitled to a full credit against any tax due Gahanna, resulting in no tax being due to Gahanna by operation of City Code §161.18.  *Id.* at ¶¶24-27.

In conspicuous contrast, under the same hypothetical, the Tax Credit formula as applied by the Defendants incorrectly results in an incorrect tax amount due Gahanna, per Form 37, in the amount of $250.00.  *Id*. at ¶29.  The reason for the discrepancy is that Form 37 improperly operates by applying the tax credit of 83 1/3% against the <u>lesser</u> of (1) the workplace tax withheld [i.e., $2,500] or (2) the amount of wages earned times the Gahanna rate of 1.5% [i.e., $1,500].  *See id.* at Exhibit I, p. 2 (Form 37, Worksheet 2, and lines 4-8); *see also id.* at ¶31.

Thus, Defendants' misapplication occurs by creating an artificial ceiling upon which the credit percentage of 83 1/3% is applied. This artificial ceiling is the sum of total income multiplied by the Gahanna tax rate ([total income] X 1.5%), rather than the amount paid by residents to other municipalities (the sum of which is limited to the total tax imposed by Gahanna). *Id*. at ¶68. Consequently, by virtue of Form 37's formula for computing the Tax Credit under City Code §161.18, the Tax Credit can never exceed the 83 1/3% of the tax imposed by Gahanna, which improperly renders superfluous the portion of City Code §161.18 stating: "[i]n no instance shall the allowable credit for tax paid another municipality exceed the amount of tax imposed by this chapter." *Id*. at ¶68.

For individuals who are residents of Gahanna, but have income from outside Gahanna, Form 37 does not comport with the City Code in that:

1. It has a faulty starting point for calculating the Tax Credit – i.e., 83 1/3% times the lower of the amount paid to the other municipality or amount of wages/income times 1.5%, <u>rather than</u> 83 1/3% times the amount paid for wages/income tax to the other municipality as stated in Section 161.18;

2. The result of this faulty starting point is a consistently understated Tax Credit, and overstated tax liability;

3. Otherwise refundable credits, such as estimated taxes paid to Gahanna, are then used to offset the overstated tax liability;

4. Interest and penalties may be assessed on the overstated tax liability; and

5. Estimated tax payments may be required due to the overstated tax liability.

*Id*. at ¶¶32 – 32(e).

This dichotomy – the language of City Code §161.18 versus the Defendants' practice of calculating the Tax Credit by virtue of Form 37 – has harmed the LaBordes by understating their Tax Credit by $347 in 2009, $438 in 2010, and $473 in 2011. *Id*. at ¶42. It has further harmed

the LaBordes by: (1) having them make tax payments when none were owing; (2) having them make estimated quarterly tax payments, when none were owing; (3) not receiving otherwise refundable credits; (4) having them pay interest and penalties relating to the overstated tax liability; and (5) losing the use of their monies. *Id*. at ¶¶43 – 43(e). The class has been similarly affected and has similar damages. *Id*. at ¶¶46 – 61.

As a result, the LaBordes, on behalf of themselves and the class, filed this lawsuit with the following causes of action: (1) declaratory judgment as to the construction of City Code §161.18, *id*. at ¶¶62 – 70; (2) declaratory judgment that Form 37 does not properly calculate the Tax Credit in accordance with City Code §161.18, *id*. at ¶¶71 – 81; (3) declaratory judgment as to the construction of City Code §161.05, *id*. at ¶¶82 – 89; (4) violations of Article 1, §19 of the Constitution of the State of Ohio ("Taking"), *id*. at ¶¶90 – 95; (5) violations of the Fifth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment ("Taking"), *id*. at ¶¶96 – 101; (6) violations under 42 U.S.C. § 1983, *id*. at ¶¶102 – 105; (7) injunctive relief, *id*. at ¶¶106 – 110; (8) unjust enrichment, *id*. at ¶¶111 – 115; and (9) strict liability under Ohio Revised Code § 9.39, *id*. at ¶¶116 – 120.

## II.  LEGAL STANDARD

The legal standard for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must but taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008).

## III.  ARGUMENT

### A.  The Defendants' Failure To Properly Calculate And Apply The Tax Credit Is A Per Se Violation Of The Fifth Amendment's Taking Clause, Not The Tax Itself

RITA misstates the issue before the Court.  The LaBordes are not arguing that the Gahanna City Code is somehow illegal as RITA suggests; rather, as demonstrated by the allegations in the Complaint, the LaBordes are requesting quite the opposite – that the Defendants actually follow the language of the City Code, which includes the proper calculation of the Tax Credit under City Code §181.16 and application of the Tax Credit under City Code §161.05(f).  It is this failure to properly calculate and apply the Tax Credit that is the Constitutional Taking consistently alleged in the Complaint.  As explained below, the taking of the Tax Credit is an intangible property interest which is subject to constitutional scrutiny.

The Fifth Amendment to the United States Constitution provides, in relevant part, that "nor shall private property be taken for public use without just compensation."  The "taking" of property consists of two types: (1) per se takings; and (2) regulatory takings.  The former – a per se taking – generally involves a situation where the government physically appropriates private property for public purpose.  *See Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002).  When a per se taking occurs, the government "has a categorical duty to compensate the former owner…."  *Id*. at 322.  On the other hand, a regulatory taking occurs "if a regulation goes too far…."  *Id*. at 325-26.   These situations exist when the government institutes some regulation, which effectively deprives the property owner of certain rights in the ownership of their property.  *See Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 416 (1922) (stating: "[t]he general rule at least is, that while property may be regulated to a certain extent, if a regulation goes too far it will be recognized as a taking.").

The LaBordes and the class are asserting a per se taking. This taking is not the "illegal collection of municipal income tax" as argued by the RITA. S*ee Motion*, p. 6. Rather, the taking involves the Defendants' taking of the LaBordes' Tax Credit, an intangible property interest, under City Code §181.16 which is mandated under City Code §161.05. Specifically, City Code §161.05 states, in relevant part, "[t]he taxpayer making a return shall, at the time of the filing thereof, pay to the Tax Administrator the amount of taxes shown as due. However, credit <u>shall</u> be allowed for: … [c]redit to the extent allowed by Section 161.18 for tax paid to another municipality." City Code §161.05(f) (emphasis added). Any money that should be refunded to the LaBordes or the class, by virtue of the Tax Credit, should be categorized as part of the "just compensation" or damages that should be paid to the LaBordes and the class based upon the taking of their mandatory Tax Credit.

To determine what constitutes "private property" for purposes of a takings analysis, federal courts often look to state law for guidance. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972) (stating: "[p]roperty interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."). This principal was further expounded in *Webb's Fabulous Pharms. v. Beckwith*, where the Court stated that,

> [A] state, by ipse dixit, may not transform private property into public property without compensation, even for the limited duration of the deposit in court. This is the very kind of thing that the Taking Clause of the Fifth Amendment was meant to prevent. That Clause stands against the arbitrary use of governmental power.

449 U.S. 155, 164 (1980). Intangible interests are considered "property" for purposes of the Fifth Amendment's Taking Clause. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003

(1984) (stating: "[t]hat intangible property rights protected by state law are deserving of the protection of the Taking Clause has long been implicit in the thinking of the Court.").

Credits, such as the one at issue here, are intangible property rights of the taxpayer. Ohio law is instructive in this regard. Section 5701 of the Ohio Revised Code is the definitional section for purposes of taxation. Specifically, Section 5701.09 of the Ohio Revised Code states that, "[a]s used in Title LVII of the Revised Code, "other taxable intangibles" and "other intangible property" include every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in sections 5701.01 to 5701.09, inclusive, of the Revised Code."[2] Additionally, the Ohio Supreme Court has held that tax credits "constitute a separate intangible asset." *See Woda Ivy Glen L.P. v. Fayette County Bd. of Revision*, 121 Ohio St.3d 175, 184 (2009). Analagous case law from other states confirms that tax credits are intangible property rights. *See, e.g., Cottonwood Affordable Hous. v. Yavapai County*, 205 Ariz. 427, 429 (Ariz. Tax Ct. 2003) (holding that low income housing credits "constitute intangible property"). Thus, the Tax Credit provided by City Code §181.16 constitutes an intangible property right, and that such intangible property right is mandatory under City Code §161.05(f).

Failing to grasp this distinction, RITA relies on cases that stand for the unremarkable position that taxes do not constitute a taking. *See* Motion, pp. 6-8. Again, however, the LaBordes are not alleging that the City Code is unconstitutional or otherwise challenging the validity of the City Code. Thus, all cases cited by RITA are inapplicable to this case. Additionally, RITA's citation to *Commonwealth Edison Co v. United States*, 271 F.3d 1327 (Fed. Cir. 2001) is not applicable because it involves a regulatory taking, not a per se taking.

---

[2] Although Ohio Revised Code §5701.07 has a definition of "Credits", that definition does not apply to the Tax Credit at issue here. Regardless, even if it did, it nonetheless establishes that a "credit" is a property right.

The Supreme Court has stated that it is "inappropriate to treat cases involving physical takings as controlling precedents for the evaluation of a claim that there has been a 'regulatory taking,' and vice versa." *Tahoe-Sierra Preserv. Council, Inc.*, 535 U.S. at 323 (emphasis added). This is because, "[t]he first category of cases [per se] requires courts to apply a clear rule; the second [regulatory] necessarily entails complex factual assessments of the purposes and economic effects of government actions." *Id.* Under the per se category of taking (such as here), the government "has a categorical duty to compensate the former owner." *Id.* at 322. Accordingly, any citation by RITA to a regulatory taking case is also summarily inapplicable in this case.

Next, RITA's statement that "there is an available state remedy to Plaintiffs under O.R.C. 2723, and thus, this Court must not entertain this action for relief …" evidences a fundamental misunderstanding of this lawsuit. *See* Motion, p. 8. Ohio Revised Code §2723 involves enjoining "the illegal levy or collection of taxes…" *See* O.R.C. 2723.01. Once again, the LaBordes are not maintaining that the relevant City Code is illegal. In fact, their position is that it is perfectly legal; it is just not being enforced. Thus, any perceived state law remedy in Ohio Revised Code §2723 is no remedy at all.

### B. The LaBordes Have Satisfied All Requirements Under § 1983

The sole predicate of RITA's argument that the LaBordes cannot satisfy a claim under 42 U.S.C. § 1983 is because RITA claims that the LaBordes cannot satisfy a taking under the Fifth Amendment. As demonstrated above, however, the LaBordes have suffered a Fifth Amendment taking of their Tax Credit, and, thus, have met what is required to bring a claim under 42 U.S.C. § 1983. *See* Complaint, ¶¶102 – 105.

### C. Comity, Even If Applicable, Does Not Warrant Dismissal

RITA next takes the position that principles of comity require dismissal. As shown in part III(D) below, comity should not be applied in this case because it does not involve an allegation of an illegal tax[3]. Even if this Court does utilize principles of comity, however, dismissal is not the proper remedy because this case was originally filed in state court. As stated in *Hawthorne Savings F.S.B. v. Reliance Ins. Co. of Illinois*, "…where, as here, a case was originally filed in state court, comity would only warrant a remand to the state court." 2006 U.S. App. LEXIS 829, *42 (9th Cir. 2006). Thus, even if comity were to apply, it does not require dismissal of any of the LaBordes' claims; rather, the appropriate course of action would be to remand this matter back to the state court. *See Howlett v. Rose*, 496 U.S. 356, 358 (1990) ("State courts as well as federal courts have jurisdiction over § 1983 cases.").

### D. Neither The Tax Injunction Act nor Principles of Comity Apply To This Case

RITA's final argument is that federal jurisdiction is inappropriate by virtue of the Tax Injunction Act, 28 U.S.C. 1341 (the "TIA"), and principles of comity. This position is unpersuasive because: (1) the LaBordes and the class are not seeking to enjoin the assessment, levy, or collection of any taxes; (2) this suit nonetheless falls within the ambit of the United States Supreme Court's decision in *Hibbs v. Winn*, 542 U.S. 88 (2004); (3) the purported "state law remedy" is inapplicable; and (4) the LaBordes and the class are willing to forego any available injunctive relief until a final resolution has been made with respect to the construction of the City Code sections at issue in this case and final certification of a injunctive class under Federal Rule of Civil Procedure 23(b)(2) has occurred.

---

[3] Once again, RITA cites to Ohio Revised Code §2723 as a purported adequate state court remedy. Ohio Revised Code §2723, of course, is not applicable to the claims in the Complaint.

As an initial matter, the Complaint is requesting certification of a Federal Rule of Civil Procedure 23(b)(2) class action (otherwise known as an injunctive class) because the Defendants have engaged in a course of conduct common to all class members. Complaint, ¶¶46 – 51. The purpose of the lawsuit is not to stop the Defendants from the assessment, levy, or collection of any taxes; indeed, the purpose of this lawsuit is quite the opposite – it is requesting that the Defendants follow the City Code. *Id*. at ¶¶106 – 110. Thus, the nature of the LaBordes' claims are not encompassed within the Supreme Court's interpretation and application of the TIA, which addresses "cases in which state taxpayers seek federal court orders enabling them to <u>avoid</u> paying state taxes." *Hibbs*, 542 U.S. at 107 (emphasis added). Here, the LaBordes and the class have already paid their taxes, but they have paid too much because the Defendants have improperly calculated the Tax Credit. The Defendants should not avoid judicial review by prescribing a form and practice that does not conform to Gahanna's own laws.

Regardless of the scope of the injunctive relief requested by the LaBordes and the class, federal jurisdiction remains proper under *Hibbs*. In *Hibbs*, the Court held that the TIA did not bar the plaintiffs from bringing suit in federal court to challenge a state statute granting income tax credits for payments to organizations that awarded scholarships and tuition grants to children attending private schools. *Id.* at p. 92. In making this determination, the Court found that "[n]owhere does the history [of the TIA] announce a sweeping congressional direction to prevent federal-court interference with all aspects of state tax administration." *Id*. at syllabus 2(b). Also, the Court noted that, historically, federal courts had entertained challenges to state tax credits without conceiving of the TIA as a jurisdictional barrier. *See id*. at pp. 93-94. Finally, the Court did not find persuasive that somehow the TIA should trump § 1983 actions. *Id*. at p. 94. Because the LaBordes and the class are not seeking to avoid paying taxes and, as noted below,

are only seeking prospective relief, the Court's holding in *Hibbs* – "[c]onsistent with the decades-long understanding prevailing on this issue, respondents' suit may proceed without any TIA impediment" – is eminently appropriate here. *Id*. at p. 112. *Hibbs* is further applicable to RITA's comity argument, wherein the Court stated that, "[w]e note, furthermore, that this Court has relied upon 'principles of comity,'[] to preclude original federal-court jurisdiction only when plaintiffs have sought district-court aid in order to arrest or countermand state tax collection." *Id*. at p. 107, fn 9 (emphasis added). Again, the LaBordes are not requesting any relief that would arrest or countermand state tax collection.

Next, RITA again takes the position that Ohio Revised Code §2723 is an efficient state court remedy. As mentioned numerous times, Ohio Revised Code §2723 involves enjoining "the illegal levy or collection of taxes…." *See* O.R.C. 2723.01. Ohio Revised Code §2723 is not a remedy for the claims asserted in the Complaint.

Lastly, insomuch as the Complaint could be construed to request relief enjoining the assessment, levy, or collection, the LaBordes agree to look solely to permanent injunctive relief, by virtue of their requested Federal Rule of Civil Procedure 23(b)(2) certification and, thus, will be requesting only perspective relief in accord with the Court's holding in *Hibbs*. This, of course, fits with the theory of the LaBordes' case – they are asking for a determination as to how the Tax Credit should be calculated; insomuch as their interpretation is the correct interpretation, it would be quite surprising if the Defendants did not agree to modify their future tax forms to conform to that interpretation.

### E.  This Court Should Maintain Jurisdiction Regardless Of The Ruling On The Motion For Judgment on the Pleadings

Perhaps it is unintentional irony that RITA now wishes to be back in state court after having removed this case to this Court on August 1, 2012 (doc. 1).  In fact, in their notice of removal, Defendants stated that,

> In addition to the Federal Question, the complaint alleges various state law claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Because Plaintiffs' state law and federal law claims describe a single injury, arising from the same interrelated series of events or transactions, there are no separate or independent state law claims or causes of action.  This Court, therefore, has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. 1367 and 28 U.S.C. 1441(c).

Doc. 1, ¶3 (emphasis added).  Apparently after having taken full advantage of the federal discovery stay under Federal Rule of Civil Procedure 26(d)(1) (by tacking on additional time to respond to the discovery requests served with the Complaint when originally filed in the state court), RITA has radically changed its position from the one cited in their Removal Notice to now claiming that this Court should not exercise jurisdiction.  *See* Motion pp. 11-13.

Regardless of RITA's change of heart, this case should remain in this Court.  First, as stated above, the Motion should be denied in all respects.  Additionally, all relevant factors weigh in favor of retaining jurisdiction – the parties have conducted written discovery, have scheduled oral depositions for January 2013, and the LaBordes have begun preparations of their motion for class certification under Federal Rule of Civil Procedure 23.  Lastly, the issues are not quite as complex as the Defendants proffer – one look at the language of City Code §161.18 as compared to how all Defendants have calculated the Tax Credit explains why.

### IV. CONCLUSION

For the foregoing reasons, the Motion should be denied.

Respectfully submitted,

/s/ TODD H. NEUMAN

Todd H. Neuman        (0059819)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio  43215-4100
Telephone:    (614) 221-8500
Facsimile:    (614) 221-5988
E-mail:        neuman@aksnlaw.com
*Trial Counsel for Plaintiffs*

Rick L. Ashton        (0077768)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio  43215-4100
Telephone:    (614) 221-8500
Facsimile:    (614) 221-5988
E-mail:        ashton@aksnlaw.com
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing *Plaintiffs' Response To Defendant Regional Income Tax Agency's Motion For Judgment On The Pleadings* has been served via the Court's CM/ECF systems, this 21st day of December, 2012, upon:

Brian M. Zets
WILES, BOYLE, BURKHOLDER &
BRINGARDNER CO., LPA
300 Spruce Street, Floor One
Columbus, Ohio 43215
*Trial Attorney for Defendants City of
Gahanna and Jennifer Teal*

Gregory D. Brunton
REMINGER CO., LPA
65 East State Street, Suite 400
Columbus, Ohio 43215
*Trial Attorney for Defendant Regional Income
Tax Agency*

/s/ TODD H. NEUMAN

Todd H. Neuman