IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS P. LABORDE, *et al.*, | : |
| | : CASE NO. 2:12-cv-00697 |
| Plaintiffs, | : |
| | : JUDGE FROST |
| v. | : MAGISTRATE KEMP |
| | : |
| CITY OF GAHANNA, *et al.*, | : |
| | : |
| Defendants. | : |

**DEFENDANTS CITY OF GAHANNA AND GAHANNA FINANCE DIRECTOR
JENNIFER TEAL'S RESPONSE TO
PLAINTIFFS' OBJECTIONS TO JENNIFER TEAL'S AFFIDAVIT**

Now Come Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal ("Defendants"), by and through counsel, and submit this response to Plaintiffs' motion to exclude the affidavit of Jennifer Teal. In so responding, Defendants submit Jennifer Teal's affidavit is properly before the Court, and should be considered when determining the sufficiency of LaBorde's takings claim. Facts and law support this response are set forth more fully below.

**I. PROCEDURAL BACKGROUND**

On July 3, 2012, plaintiffs Karla and Doug LaBorde ("LaBorde") filed this case, on behalf of themselves and all others similarly situated, in the Franklin County Court of Common Pleas. The City of Gahanna, Gahanna Finance Director Jennifer Teal, and Regional Income Tax Agency (RITA) are named as defendants. Count 5 of the complaint alleges Defendants' acts and omissions "constitute a taking of Plaintiffs' and the Class's private property without just

1

compensation, and as such, is a deprivation of the Plaintiffs' and the Class's rights secured under the Fifth and Fourteenth Amendments to the United States Constitution." Complaint at ¶ 101. Based upon this federal question, this case was removed on August 1, 2012. Subsequently, Defendants City of Gahanna, Gahanna Finance Director Jennifer Teal filed an Answer on August 6, 2012. RITA answered the complaint on August 22, 2012.

On December 3, 2012, Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal moved to dismiss LaBorde's Fifth Amendment claim. Attached to this motion was the affidavit of Jennifer Teal. On the same day, RITA moved for judgment on the pleadings. In addition to simply opposing Defendants' motion, LaBorde requests the Affidavit of Jennifer Teal "be disregarded and excluded by the Court." Plaintiffs' objection, p. 1. LaBorde's reasoning is misplaced.

## II. LAW AND ARGUMENT

While objecting to Jennifer Teal's affidavit, LaBorde makes only one argument – "the Affidavit's inclusion [is] inappropriate under Federal Rule 12(d)." LaBorde insists "[t]his intrinsic evidence is not permitted under Federal Rule 12(d)." Plaintiff's objection, p. 2. LaBorde's objection is not well-taken, and must be overruled.

To begin, Fed. R. Civ. P. 12(d) does not mandate whether matters outside the pleading must be stricken from the record, or not considered by the Court. Rather, Rule 12(d) merely provides the Rule 12(b)(6) or Rule 12(c) motion "must be treated as one for summary judgment," allowing all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d). Here, LaBorde has been given a reasonable opportunity to respond to Defendants' December 3rd motion. LaBorde does not complain they have been

2

prevented from presenting all the material that is pertinent to the motion. In fact, the opposite is true. Once Defendants' reply in support of their motion is filed, the legal issues surrounding LaBorde's Fifth Amendment claim have been fully briefed. Therefore, this Court could treat Defendants' motion as a motion for summary judgment, and consider Jennifer Teal's affidavit.

Assuming the Court does not want to consider Defendants' motion as made under Fed. R. Civ. P. 56, the Sixth Circuit has provided numerous examples in which this Circuit has considered documents not attached to the complaint without converting a motion to dismiss into one for summary judgment. *See Fidel v. AK Steel Holding Co.*, 6th Cir., No. C-1-00-320, 2002 WL 31545952 *8 (September 19, 2002); see e.g. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir.1999) (document central to plaintiff's claim may be considered without conversion); *Butler v. Aetna U.S. Healthcare, Inc.*, 109 F.Supp.2d 856 (S.D.Ohio 2000) (Rice, J.) (defendant may introduce pertinent documents for consideration on motion to dismiss if plaintiff fails to do so). Therefore, the Court can consider Jennifer Teal's affidavit without formally converting Defendants' motion.

Finally, with its October 18, 2012 Memorandum of First Pretrial Conference, this Court ordered the Parties to file "[a]ny motion attacking the sufficiency of the federal claims" by December 1, 2012.[1] *See* Doc. 10. Such motions were categorized by the Court as "venue and jurisdiction." *Id.* Similarly, Fed. R. Civ. P. 12(h)(3) allows the Court to determine, at any time, whether it has jurisdiction. Defendants' December 3, 2012 motion was filed according to the Court's first pretrial memorandum and simply serves as a brief attacking the sufficiency of LaBorde's Fifth Amendment claim. As noted in Defendants' motion, federal jurisprudence is clear. Once this Court determines LaBorde's Fifth Amendment claim is misplaced, it must

---

[1] Because December 1, 2012 was a Saturday, Defendants properly filed their motion on Monday, December 3, 2012. *See* Fed. R. Civ. P. 6(a)(1)(C).

3

announce this fact, determine it is without jurisdiction, and remand LaBorde's complaint to state court. Therefore, the Court can consider Jennifer Teal's affidavit.

### III. CONCLUSION

WHEREFORE, the Affidavit of Jennifer Teal is properly before this Court, and should be considered when this Court decides Defendants City of Gahanna and Gahanna Finance Director's December 3, 2012 motion to dismiss LaBorde's Fifth Amendment claim.

Respectfully submitted,

WILES, BOYLE, BURKHOLDER
& BRINGARDNER CO., LPA

/s/Brian M. Zets
Brian M. Zets (0066544)
300 Spruce Street, Floor One
Columbus, Ohio 43215-1173
(614) 221-5216
(614) 221-4541 (FAX)
Email: bzets@wileslaw.com
*Trial Attorney for Defendants*
*City of Gahanna and Jennifer Teal*

### CERTIFICATE OF SERVICE

I certify that on this 14th day of January 2013, I electronically filed a copy of the foregoing *Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal's Response to Plaintiff's Objection to Jennifer Teal's Affidavit* with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. All Parties may access this filing through the Court's system.

/s/ Brian M. Zets
Brian M. Zets