6IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS P. LABORDE, | : | |
| | : | |
| Plaintiff, | : | Case No.:  2:12-CV-697 |
| | : | |
| v. | : | Judge:  Gregory Frost |
| | : | |
| THE CITY OF GAHANNA, et al., | : | |
| | : | |
| Defendants. | : | |

_____

**DEFENDANT REGIONAL INCOME TAX AGENCY'S REPLY IN SUPPORT OF
THE MOTION FOR JUDGMENT ON THE PLEADINGS**

_____

## I.    INTRODUCTION.

Plaintiffs' Memorandum in Opposition to the Regional Income Tax Agency's ("RITA") Motion for Judgment on the Pleadings admits that no federal claims exist for the allegations that Defendants are collecting an illegal tax.  Instead, Plaintiffs rely on the wholly inconsistent legal argument that the alleged calculation of a tax credit in violation of City of Gahanna law does not amount to an allegation of an "illegal tax." Plaintiffs' Complaint very clearly alleges that the Defendants are calculating the Plaintiffs' tax credit illegally.  (See Complaint, E.C.F. #2, ¶1) (Plaintiffs have brought this action to "secure redress for themselves and others similarly situated based upon Defendants' adoption and use of individual municipal income tax returns which fail to follow applicable law as to the computation of available tax credits.").  Well-established case law holds that a tax, even if allegedly illegally collected, does not amount to a taking under the Fifth Amendment to the United States Constitution.

Plaintiffs play the same semantics game when they desperately try to define a tax credit as a property interest, without any real legal authority to support their position.

In fact, Plaintiffs fail to cite a single case in their Memorandum in Opposition that stands for the proposition that an improper calculation of a tax credit, or a tax obligation in general, amounts to a "taking" under the Fifth Amendment.  Plaintiffs' inability to establish a "takings" claim under the Fifth Amendment not only defeats this claim, but also requires dismissal of Plaintiffs' §1983 claim. Plaintiffs' §1983 claim is premised entirely on a cognizable Fifth Amendment takings claim.  (E.C.F. #2, ¶ 105). Therefore, without the ability to prove a "taking," Plaintiffs have no basis upon which to pursue their §1983 claim.

Finally, pursuant to the principle of comity and the Tax Injunction Act this court must relinquish jurisdiction. As a result, RITA's Motion for Judgment on the Pleadings should be granted.

## II.  PLAINTIFFS' FIFTH AMENDMENT TAKINGS CLAIM FAILS BECAUSE A TAX DOES NOT CONSTITUTE A TAKING.

### A. Plaintiffs Cannot Pursue A Fifth Amendment Taking Claim For The Alleged Illegal Tax.

The case law cited by RITA in its Motion for Judgment on the Pleadings clearly establishes that the collection of taxes does not constitute a "taking" under the Fifth Amendment of the U.S. Constitution.  See *Montagne v. United States*, 09-201, 2009 WL 3754171 (Fed. Cl. Oct. 30, 2009), citing  *U.S. Shoe Corp. v. United States,* 296 F.3d 1378, 1383 (Fed.Cir.2002) (holding that taxes are not private property that can be physically "taken" by the Government); *Branch v. United States*, 69 F.3d 1571, 1576-77 (Fed. Cir. 1995), citing *Houck v. Little River Drainage Dist.,* 239 U.S. 254, 264-65, 36 S.Ct. 58, 62, 60 L.Ed. 266 (1915) (special assessment is not unlawful under the Takings Clause "unless the exaction is a flagrant abuse, and by reason of its arbitrary character is mere confiscation of particular property"); *Cole v. LaGrange,* 113 U.S. 1, 8, 5 S.Ct. 416, 419, 28

L.Ed. 896 (1885) ("the taking of property by taxation requires no other compensation than the taxpayer receives in being protected by the government to the support of which he contributes"); *County of Mobile v. Kimball,* 102 U.S. 691, 703, 26 L.Ed. 238 (1880) ("neither is taxation for a public purpose, however great, the taking of private property for public use, in the sense of the Constitution").

Plaintiffs attempt to ignore the above cited precedent by arguing that they do not seek to challenge the Defendants' ability to collect taxes. (See E.C.F. No. 22, p. 8). This argument, however, is meaningless. Plaintiffs are, without dispute, alleging that the Defendants are calculating and collecting municipal income taxes illegally, *i.e.*, in violation of City of Gahanna law. (See Complaint, E.C.F. #2, ¶1) (Plaintiffs have brought this action to "secure redress for themselves and others similarly situated based upon Defendants' adoption and use of individual municipal income tax returns which fail to follow applicable law as to the computation of available tax credits."). Courts have consistently recognized that a Fifth Amendment takings claim cannot be based upon the collection of alleged illegal taxes, no matter whether the Plaintiff is alleging a per se taking or a regulatory taking. See *Stephanatos v. United States*, 306 F. App'x 560, 564-65 (Fed. Cir. 2009), citing *Commonwealth Edison Co. v. United States,* 271 F.3d 1327, 1339 (Fed.Cir.2001) (en banc) ("[R]egulatory actions requiring the payment of money are not takings."); *Branch v. United States,* 69 F.3d 1571, 1576 (Fed.Cir.1995) ("[E]ven though taxes or special municipal assessments indisputably 'take' money from individuals or businesses, assessments of that kind are not treated as *per se* takings under the Fifth Amendment."). Thus, Plaintiffs' allegation that the Defendants have illegally calculated their tax credit and the amount of tax owed, does not constitute

either a per se or a regulatory taking.  Therefore, Plaintiffs' Fifth Amendment takings claim must be dismissed as a matter of law.

### B. Plaintiffs Have Failed To Prove That They Have A Property Interest In The Tax Credit.

Plaintiffs have argued in response to RITA's Motion for Judgment on the Pleadings that they have a cognizable per se takings claims under the Fifth Amendment to the United States Constitution because the Plaintiffs have an "intangible property interest" in the tax credit, which was allegedly improperly calculated.  What is telling of Plaintiffs' argument is that they fail to cite any case law which stands for this proposition – that an improper calculation of a tax credit amounts to a taking of property under the Fifth Amendment.  Instead, Plaintiffs strain various statutes and cases to try to define a tax credit as an interest in property.  However, none of the case law or statutes cited by Plaintiffs stands for this proposition.

Plaintiffs' reliance on O.R.C. 5701.09 is misplaced for the simple fact that this statute does not define the municipal tax credit at issue in this case as a property interest for purposes of a takings claim under the Fifth Amendment.  O.R.C. 5701.09 simply defines "other taxable intangibles" and "other intangible property" to include every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in sections 5701.01 to 5701.09, inclusive, of the Revised Code for purposes of a state income tax. Nothing within this code provision defines (or could define) a municipal tax credit as a federally protected property interest under the Fifth Amendment takings clause.  Simply put, O.R.C. 5701.09 has nothing to do with this case.

Similarly, Plaintiffs' reliance upon *Woda Ivy Glen, L.P. v. Fayette County BD of Revision*, 121 Ohio St.3d 175, 184 (2009), is also misplaced.  In *Woda Ivy Glen, L.P.,* the court addressed a situation in which a property owner had previously gone before a Board of Tax Revision on a property which was subject to federal tax credits for low income housing.  In that case, the Ohio Supreme Court determined that the federal tax credits were a factor which could be considered by an appraiser when determining the appraised value of the property, for property tax purposes.  *Id.*  This decision does not state that the tax credit was a property interest.  Further, *Woda Ivy Glen, L.P.* does not stand for the proposition that tax credits are a property interest which can be subject to a Fifth Amendment takings claim.[1]

Plaintiffs' argument, that the tax credits at issue in this case are an "intangible property interest," demonstrates their continued use of semantics to oppose the Motion for Judgment on the Pleadings.  While Plaintiffs do not dispute the case law that a tax does not constitute a taking under the Fifth Amendment, they incorrectly argue that the alleged improper calculation of the tax credit amounts to a taking under the Fifth Amendment.  Plaintiffs' argument simply ignores the reality that the tax credit at issue in this case is part of a larger tax scheme that represents the City of Gahanna's municipal income tax, and as such, cannot be challenged pursuant to the theory of a "takings" claim under the Fifth Amendment. Since a tax, even if collected illegally, does not constitute either a regulatory or a per se taking under the Fifth Amendment, Plaintiffs' claim under the Fifth Amendment must be dismissed.

---

[1] *Cottonwood Affordable Hous. v. Yavapai County*, 2005 Ariz. 427, 429 (Ariz. Tax Ct. 2003) stands for a nearly identical proposition as that of *Woda Ivy Glen, L.P.*, 121 Ohio St.3d 175.  As such, the analysis addressing the *Woda Ivy Glen, L.P.,* also applies to *Cottonwood Affordable Housing*.

**III. RITA IS ENTITLED TO JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' §1983 CLAIM BECAUSE PLAINTIFFS CANNOT SATISFY THE BASIC ELEMENTS OF THE CLAIM- THAT A CONSTITUTIONAL VIOLATION HAS OCCURRED.**

Plaintiffs concedes that their §1983 claim is contingent upon their ability to prove a taking under the Fifth Amendment. (See E.C.F. No 22, p. 9). As outlined above, and within RITA's Motion for Judgment on the Pleadings, Plaintiffs cannot establish a takings claim under the Fifth Amendment for the alleged illegal taxation at issue. Thus, Plaintiffs cannot establish a §1983 claim. Therefore, RITA is entitled to Judgment on the Pleadings on Plaintiffs' §1983 claim.

**IV. THE TAX INJUNCTION ACT AND THE PRINCIPLE OF COMITY PREVENTS THIS COURT FROM EXERCISING JURISDICTION OVER THIS MATTER.**

### A. Comity Prevents This Court From Exercising Jurisdiction Over Plaintiffs' Claims.

The comity case law demonstrates a consistent restraint by federal courts to utilize federal remedies in cases concerning state tax issues, when there is a state remedy that is "plain, adequate, and complete." See *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323, 2330, 176 L. Ed. 2d 1131 (2010)(internal citations omitted). Here, such a state remedy exists under O.R.C. 2723, et seq.[2] See *Unfortunate Son, Ltd. v. Wilkins*, 406 F. Supp. 2d 839, 844 (N.D. Ohio 2005), and *Union Properties, Inc. v. Monroe*, 232 F.2d 884, 885 (6th Cir. 1956)(recognizing the sufficiency of O.R.C. 2723, et seq. as a remedy to challenge the calculation and collection of state taxes). The Sixth Circuit, in *Union Properties, Inc.,* held that:

---

[2] Despite Plaintiffs' objections, it is clear, based upon the allegations in Plaintiffs' Complaint that they are alleging that the Defendants have collected taxes in an illegal manner. (See E.C.F. #2, ¶1). Accordingly, Plaintiffs have failed to demonstrate that O.R.C. 2723, et seq. does not apply to this case.

> It is quite apparent that, here, Ohio law provides a full, complete and adequate remedy to the appellant in the state courts. *** By section 2723.01 of the Revised Code, the Courts of Common Pleas of Ohio may enjoin the illegal levy or collection of taxes and assessments, and may entertain actions to recover such taxes, when collected. See, further, sections 2723.03-2723.05.

*Union Properties, Inc.*, 232 F.2d at 885.  Thus, since an adequate state remedy exists, the principle of comity requires that this federal court refrain from issuing any decision interfering with the local taxes at issue in this case.

Further, in addition to the Tax Injunction Act, the principle of comity also requires dismissal of Plaintiffs' federal claims.  See *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116, 102 S. Ct. 177, 186, 70 L. Ed. 2d 271 (1981), citing, *Huffman v. Pursue, Inc.*, 420 U.S., at 605, 95 S.Ct., at 1208-1209; *Matthews v. Rodgers, supra*, 284 U.S., at 526, 52 S.Ct., at 220.  In other words, the principles of comity were not superseded by the Tax Injunction Act, but still operate as a separate limit on federal review of state tax issues. Therefore, based on the principle of comity, this court should dismiss Plaintiffs' federal law claims and relinquish jurisdiction of this case.

### B. The Tax Injunction Act Prevents This Court From Retaining Jurisdiction Over Plaintiffs' Claims.

Plaintiffs, in arguing that the Tax Injunction Act ("TIA") does not apply to this case, are asking this court to ignore the specific federal statute,  28 U.S.C. § 1341, and binding precedent which prevents this court from exercising jurisdiction over Plaintiffs' requests for relief.[3]  The TIA is not a discretionary statute.  Rather, the language of the statute makes clear that when it applies it acts as a complete bar to federal court

---

[3] Based upon a plain reading of 28 U.S.C. § 1341, this court can maintain jurisdiction to dismiss Plaintiffs' federal law claims, before relinquishing jurisdiction of this case.

jurisdiction. Thus, after granting RITA's Motion for Judgment on the Pleadings as it relates to Plaintiffs' federal claims, including the takings claim under the Fifth Amendment, and the alleged violation of 42 U.S.C. §1983, this court must relinquish jurisdiction of this case.

### 1.  *Binding Precedent Concerning The TIA Prevents This Court From Exercising Jurisdiction Over Plaintiffs' Claims.*

Under the Tax Injunction Act ("TIA"), a federal court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. When the TIA applies, it operates as a bar to federal jurisdiction. *Wenz v. Rossford Ohio Transp. Improvement Dist*, 392 F. Supp. 2d 931, 935 (N.D. Ohio 2005), citing *Hedgepeth v. Tennessee,* 215 F.3d 608, 612 (6th Cir.2000). "The TIA has ... been broadly interpreted to bar suits for declaratory relief, injunctive relief, as well as monetary relief when there is an adequate remedy in state court." *Id*., citing *Hedgepeth* at 612 n. 4 (citing *California v. Grace Brethren Church,* 457 U.S. 393, 408-10, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982) and *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 U.S. 582, 586-88, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995)).  A review of Plaintiffs' Complaint reveals that they have asserted claims for: declaratory judgment as to Gahanna City Code §161.18 (E.C.F #2, ¶¶ 62 – 70); declaratory judgment as to Form 37 (Id., ¶¶ 71 – 81); declaratory judgment as to Gahanna City Code §161.05 (Id., ¶¶ 82 – 89); taking under the Ohio Constitution (Id., ¶¶ 90 – 95); taking under the United States Constitution (Id., ¶¶ 96 – 101); violation of 11 U.S.C. §1983 (Id., ¶¶ 102 – 105); injunctive relief (Id., ¶¶ 106 – 110); unjust enrichment (Id., ¶¶ 111 – 115); and strict liability under Ohio Revised Code §19.39 (Id., ¶¶ 116 – 120), based upon the alleged

improper and illegal calculation of a tax credit (Id., ¶ 1). Therefore, based upon a plain reading of the TIA and the claims Plaintiffs have asserted, the TIA applies, and this court cannot maintain jurisdiction over this case.

### 2. *Plaintiffs Have Failed To Establish, Under The Facts Of This Case, That The Tax Injunction Act Does Not Bar Federal Court Jurisdiction.*

Plaintiffs have presented several arguments as to why the Tax Injunction Act does not apply to this case. Plaintiffs' arguments will be addressed below.

First, Plaintiffs argue that the TIA does not apply in this case because "the Labordes and the class are not seeking to enjoin the assessment, levy, or collection of any taxes ... and, ... the Labordes and the class are willing to forego any available injunctive relief until a final resolution has been made with respect to the construction of the city code section at issue in this case and final certification of an injunctive class under Federal Rule of Civil Procedure 223(b)(2) has occurred." (ECF #22, p. 10). Both of these arguments fail because they ignore the simple fact that Plaintiffs have requested declaratory relief (ECF #2, ¶¶ 62-70, and ¶¶ 71-81, and ¶¶ 82-89), injunctive relief (Id. ¶¶ 106-110), and monetary relief (Id., generally). All of these forms of relief requested in Plaintiffs' Complaint are addressed by the applicable case law above, which holds that the TIA bars these suits in federal court. See *Wenz*, 392 F. Supp. 2d 931 (internal citations omitted). Plaintiffs simply fail to address this case law. Further, even if Plaintiffs were only seeking a permanent injunction through the class action, such an injunction would certainly be an action to "enjoin" the collection of taxes, at least in the manner in which Plaintiffs' allege they have been collected, and the TIA would thus apply. See 28 U.S.C. § 1341.

Second, despite Plaintiffs' arguments to the contrary, the "state law remedy" found under O.R.C. 2723, et seq., would be, if properly followed, an available remedy for Plaintiffs to pursue.  This statutory provision states that "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected." O.R.C. 2723.01.  Plaintiffs' Complaint alleges that the Defendants have engaged in the illegal calculation of a tax credit, thereby collecting taxes illegally.  (E.C.F. #2, ¶1).  Thus, based upon the plain language of Plaintiffs' Complaint, their challenge to the calculation of the tax credit at issue in this case falls squarely into the challenges which may be asserted under O.R.C. 2723.01.

Moreover, the court in *Unfortunate Son, Ltd.*, held that pursuant to the TIA:

> ... states must afford litigants "a plain, speedy and efficient remedy ... in the courts of such State." *Id.*, citing 28 U.S.C. § 1341. Courts interpret the plain, speedy and efficient remedy exception narrowly. Id., citing *Grace Brethren,* 457 U.S. at 413, 102 S.Ct. 2498; *Chippewa Trading Co. v. Cox,* 365 F.3d 538, 544 (6th Cir.2004). The exception merely requires the state to provide parties adequate procedures to challenge a state tax. *Rosewell,* 450 U.S. at 522, 101 S.Ct. 1221. In general, this requires a judicial determination of the constitutional issues. *Id.* at 514, 101 S.Ct. 1221; *Hedgepeth v. State of Tennessee,* 215 F.3d 608, 615 (6th Cir.2000).

*Unfortunate Son, Ltd.*, 406 F. Supp. 2d at 843.  The court concluded that there was no dispute that O.R.C. 2723 qualified as an adequate procedure to challenge a state tax for purposes of the TIA.  *Id.* Therefore, Plaintiffs have provided no basis to support the position that O.R.C. 2723, et seq. does not apply in this case.

Third, the only case law which Plaintiffs cite to support the proposition that the TIA does not apply is *Hibbs v. Winn*, 542 U.S. 88 (2004).  In *Hibbs*, the plaintiffs, who

were Arizona taxpayers, filed suit in federal court to challenge an Arizona statute as incompatible with the establishment clause. *Id.,* at 95. This demonstrates the first distinguishing factor between *Hibbs* and Plaintiffs' claims. In *Hibbs*, plaintiffs were alleging that a state taxation statute was inconsistent with the establishment clause under the United States Constitution, thereby raising a federal issue for a federal court to address. Here, Plaintiffs are alleging that the Defendants are improperly, and illegally, calculating a tax credit pursuant to Gahanna's City Code. (E.C.F. #2, ¶¶ 1 and 16). Thus, while the case in *Hibbs* turned upon the interpretation of the establishment clause of the United States Constitution, the case here turns on interpretation of Gahanna's City Code.

Even more crucial is the distinction between the third party claims which were asserted in *Hibbs*, and the first party claims which Plaintiffs have asserted here. The court in *Hibbs* held that "[I]n other federal courts as well, § 1341 has been read to restrain state taxpayers from instituting federal actions to contest their liability for state taxes, but not to stop third parties from pursuing constitutional challenges to tax benefits in a federal forum. Relevant to the distinction between taxpayer claims that would reduce state revenues and third-party claims that would enlarge state receipts, Seventh Circuit Judge Easterbrook wrote trenchantly:"

> Although the district court concluded that § 1341 applies to any federal litigation touching on the subject of state taxes, neither the language nor the legislative history of the statute supports this interpretation. The text of § 1341 does not suggest that federal courts should tread lightly in issuing orders that might allow local governments to raise additional taxes. The legislative history ... shows that § 1341 is designed to ensure that federal courts do not interfere with states' collection of taxes, so long as the taxpayers have an opportunity to present to a court federal defenses to the imposition and collection of the taxes. The legislative history is filled with concern that federal judgments were emptying state

> coffers and that corporations with access to the diversity jurisdiction could obtain remedies unavailable to resident taxpayers. *There was no articulated concern about federal courts' flogging state and local governments to collect additional taxes."* *Dunn v. Carey,* 808 F.2d 555, 558 (1986) (emphasis added).
>
> Second Circuit Judge Friendly earlier expressed a similar view of § 1341:
>
> "The [TIA's] context and the legislative history ... lead us to conclude that, in speaking of 'collection,' Congress was referring to methods similar to assessment and levy, *e.g.,* distress or execution ... that would produce money or other property directly, rather than indirectly through a more general use of coercive power. Congress was thinking of cases where taxpayers were repeatedly using the federal courts to raise questions of state or federal law going to the validity of the particular taxes *imposed upon them* ...." *Wells v. Malloy,* 510 F.2d 74, 77 (C.A.2 1975) (emphasis added).
>
> See also *In re Jackson County,* 834 F.2d 150, 151-152 (C.A.8 1987) (observing that "§ 1341 has been held to be inapplicable to efforts to require collection of additional taxes, as opposed to efforts to inhibit the collection of taxes).

*Id.* at 108-109.  In *Hibbs,* the plaintiff sought to prevent the State of Arizona from issuing certain tax credits to individuals who made contributions to certain religious schools, claiming that such a credit was a violation of the establishment clause.  See, Generally, *Id.*  The Court in *Hibbs* recognized that the challenge to the tax code would not enjoin, suspend or restrain the collection of taxes, but, rather would increase tax revenues for the State of Arizona.  However, this is not the case with Plaintiffs' claim.  Plaintiffs claim that they have overpaid their taxes to the City of Gahanna (ECF #2, ¶33), and are seeking declaratory, injunctive and monetary relief for this overpayment.  (See ECF #2, generally).  This distinction between the third party claims asserted in *Hibbs,* and the first party claims Plaintiffs have asserted here, is essential to the analysis which the U.S. Supreme Court conducted in *Hibbs.*  Since the Plaintiffs in this case are

asserting a first party claim, the TIA continues to prevent this court from retaining jurisdiction over Plaintiffs' claims.

## V.    CONCLUSION.

RITA is entitled to judgment as a matter of law on Plaintiffs' claims for violation of federal law, including the takings claim under the Fifth Amendment, and the alleged violation of 42 U.S.C. §1983.  The case law makes clear that the collection of municipal tax does not amount to either a per se or a regulatory taking under the Fifth Amendment to the United States Constitution.  Plaintiffs' §1983 claim fails because Plaintiffs are unable to prove an underlying deprivation of a federal right. Further, the principle of comity and the Tax Injunction Act require that this court dismiss Plaintiffs' federal law claims and relinquish jurisdiction of this case.

For these reasons, Defendant, the Regional Income Tax Agency, moves this Court for judgment on the pleadings.

Respectfully submitted,

**/s/ *Gregory D. Brunton***

Gregory D. Brunton, Trial Counsel       (0061722)
**REMINGER CO., LPA**
65 East State Street, Suite 400
Columbus, Ohio 43215-47227
Tel: (614) 228-1311; Fax: (614) 232-2410
E-Mail:  gbrunton@reminger.com

*Counsel for Defendant*
*Regional Income Tax Agency*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has

been served via the Court's CM/ECF system, this _____ day of January 2013, upon:

Todd H. Neuman, Trial Counsel
Rick L. Ashton, Of Counsel
**ALLEN KUEHNLE STOVALL & NEUMAN LLP**
17 S. High Street, Suite 1220
Columbus, Ohio 43215

*Counsel for Plaintiff*
*Douglas P. LaBorde*

Brian M. Zets
Wiles Boyle Burkholder & Bringardner
300 Spruce Street
Floor One
Columbus, Ohio 43215-1173

*Counsel for Defendants*
*City of Gahanna and Jennifer Teal*


 /s/  *Gregory D. Brunton*
Gregory D. Brunton, Trial Counsel      (0061722)

14