UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Douglas P. LaBorde, *et al.*, | : | |
| | : | CASE NO. 2:12-cv-00697 |
| Plaintiffs, | : | |
| | : | JUDGE FROST |
| v. | : | |
| | : | MAGISTRATE JUDGE KEMP |
| The City of Gahanna, *et al.*, | : | |
| | : | CLASS ACTION |
| Defendants. | : | |

**PLAINTIFFS' REPLY TO DEFENDANTS CITY OF GAHANNA AND GAHANNA FINANCE DIRECTOR JENNIFER TEAL'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO JENNIFER TEAL'S AFFIDAVIT**

In their Objection (doc. 21), Plaintiffs Douglas and Carla LaBorde (the "LaBordes"), demonstrated that the Affidavit of Jennifer Teal ("Affidavit") was outside the scope of inquiry permitted under Civil Rule 12(c), and should be disregarded and excluded by this Court. Defendants, City of Gahanna and Jennifer Teal, do not dispute this rule; rather, they invite this Court to either treat the Motion to Dismiss (doc. 14) as one for summary judgment or, if no conversion takes place, to consider the Affidavit under the auspices of determining jurisdiction. *See* Doc. 28, p. 2-3.

This Court should not accept any of Defendants' invitations.  As an initial matter, Plaintiffs do not consent to a conversion of Defendants' Motion to Dismiss into a motion for summary judgment.  Nor have the Plaintiffs relied upon any extrinsic evidence departing from the pleadings in filing their Response in Opposition to the Motion to Dismiss ("Response in Opposition").  *See* Doc. 20.  Under these circumstances, if this Court chooses to convert the

Motion to Dismiss into a summary judgment motion it must give "all parties … reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993), citing Fed. R. Civ. P. 12(b)(6); *cf. Javery v. Lucent Tech. Long Term Disability Plan for Mgmt. or LBA Employees*, 2010 U.S. Dist. LEXIS 14259, *4 (S.D. Ohio 2010) (Frost, J.) (allowing conversion without notice or opportunity to respond under a "narrow set of circumstances" when "both parties have submitted extrinsic evidence departing from the pleading – and given that Plaintiff urges such conversion …."). Thus, at a minimum, before this Court can convert the Motion to Dismiss into one for summary judgment, notice and an opportunity to respond are required.

The Defendants' contention that the LaBordes have been given reasonable opportunity and have fully briefed the merits-based inquiry under Fed.R.Civ.P. 56, by filing their Response in Opposition, is a complete fabrication. *See* doc. 28, pp. 2-3. First, the earliest opportunity that the LaBordes had to depose Ms. Teal (the affiant), based on the Defendants' and their counsel's schedule, was January 18, 2013. *See* Notice of Deposition, doc. 18. Ms. Teal's deposition did occur on January 18, 2013 – twenty-two days <u>after</u> the LaBorde's Response in Opposition to the Motion to Dismiss was due. Moreover, the LaBordes are still continuing their discovery efforts by virtue of further oral and written discovery of other witnesses as to their Fifth Amendment claims as well as other claims. As a result, the LaBordes neither had reasonable opportunity to address, nor did they fully brief, the merits of their Fifth Amendment claim in their Response in Opposition.[1] *See* doc. 20.

---

[1] In fact, even if the Motion to Dismiss was converted into a motion for summary judgment, the LaBordes would likely need to request additional time to conduct discovery under Fed.R.Civ.P. 56(d).

In situations such as this – where discovery is ongoing – Federal Courts in Ohio routinely decline converting motions to dismiss into motions for summary judgment.  *See M.Y. v. Grand River Acad.*, 2010 U.S. Dist. LEXIS 55269, *5-*6 (N.D. Ohio 2010).  The same should hold true here.  This Court should exclude the Affidavit and decline Defendants' request to convert their Motion to Dismiss into a motion for summary judgment.

No less deficient is the Defendants' position that the Affidavit can be considered without conversion into a motion for summary judgment.  Contrary to Defendants' suggestion, *Fidel v. AK Steel Holding Co.*, 2002 U.S. Dist. LEXIS 18887 (S.D. Ohio 2002),[2] does not help their cause.  *Fidel* stands for the unremarkable position that, for purposes of a motion to dismiss, "a defendant may introduce <u>certain pertinent documents</u> if the plaintiff fails to do so."  *Id*. at *25 (emphasis added).  As Defendants admit, such pertinent documents must be "referred to in the complaint and is central to plaintiff's claim…." *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).  Such documents include insurance policies, pension plan documents, etc.  *See id*.  At no point in the Complaint do the LaBordes reference or otherwise rely upon an affidavit of Jennifer Teal.  In fact, counsel for the LaBordes cannot locate a case which suggests that an affidavit, let alone an affidavit from a defendant, meets the definition of a "document" for purposes of this analysis.  As such, the Affidavit has been interjected by the Defendants solely to address the underlying merits, which is fundamentally improper and, thus, cannot be considered for purposes of the Motion to Dismiss.

As stated in the LaBordes' Response in Opposition, they have adequately pled viable Fifth Amendment claims, 42 U.S.C. §1983 claims, and other claims in the Complaint.  As a result, this Court should deny Defendants' Motion to Dismiss.  In denying Defendants' Motion

---

[2] Defendants improperly cite *Fidel* as a Sixth Circuit decision.

to Dismiss, this Court should not consider the Affidavit (either by striking or excluding) based on the arguments presented above and in the LaBordes' Objection (doc. 21).

    Respectfully submitted,

    /s/ TODD H. NEUMAN
    Todd H. Neuman   (0059819)
    ALLEN KUEHNLE STOVALL & NEUMAN LLP
    17 South High Street, Suite 1220
    Columbus, Ohio 43215-4100
    Telephone:  (614) 221-8500
    Facsimile:  (614) 221-5988
    E-mail:  neuman@aksnlaw.com
    *Trial Counsel for Plaintiffs*

Rick L. Ashton   (0077768)
ALLEN KUEHNLE STOVALL & NEUMAN LLP
17 South High Street, Suite 1220
Columbus, Ohio 43215-4100
Telephone:  (614) 221-8500
Facsimile:  (614) 221-5988
E-mail:  ashton@aksnlaw.com
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true copy of the foregoing *Plaintiffs' Reply To Defendants City Of Gahanna And Gahanna Finance Director Jennifer Teal's Response To Plaintiffs' Objections To Jennifer Teal's Affidavit* has been served via the Court's CM/ECF systems, this 25th day of January, 2013, upon:

Brian M. Zets
WILES, BOYLE, BURKHOLDER &
BRINGARDNER CO., LPA
300 Spruce Street, Floor One
Columbus, Ohio 43215
*Trial Attorney for Defendants City of Gahanna and Jennifer Teal*

Gregory D. Brunton
REMINGER CO., LPA
65 East State Street, Suite 400
Columbus, Ohio 43215
*Trial Attorney for Defendant Regional Income Tax Agency*

    /s/ TODD H. NEUMAN
    Todd H. Neuman