**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DOUGLAS P. LABORDE, et al.,**

      **Plaintiffs,**                    **Case No. 2:12-cv-00697**
                                    **Judge Gregory L. Frost**
**v.**                                  **Magistrate Judge Terrence P. Kemp**

**CITY OF GAHANNA, et al.,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the following filings:

1.  Defendants City of Gahanna and Gahanna Finance Director Jennifer Teal's motion to dismiss Plaintiffs' Fifth Amendment claim (ECF No. 14), Plaintiffs' response (ECF No. 20), and the Gahanna Defendants' reply (ECF No. 27);

2.  Defendant Regional Income Tax Agency's ("RITA") motion for judgment on the pleadings (ECF No. 15), Plaintiffs' response (ECF No. 22), and RITA's reply (ECF No. 29); and

3.  Plaintiffs' objection to the affidavit of Defendant Teal (ECF No. 21) and the Gahanna Defendants' reply (ECF No. 28).

For the reasons detailed below, the Court **SUSTAINS** Plaintiffs' objection to Defendant Teal's affidavit, **GRANTS** the Gahanna Defendants' motion to dismiss, **GRANTS** RITA's motion for judgment on the pleadings, and **REMANDS** the remaining state-law claims to the Court of Common Pleas for Franklin County, Ohio.

1

## I.  Background

This case is a putative class action alleging that Defendant City of Gahanna, Ohio ("Gahanna"), used a tax form that resulted in the overpayment of municipal income taxes by Gahanna residents for tax years 2008 to 2011.  Also joined as Defendants in this action are Gahanna finance director Jennifer Teal and RITA.  Because this matter is before the Court on motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the Court gleans the following relevant facts from the allegations in Plaintiffs' Complaint.

Gahanna has, by ordinance, imposed a system for the assessment, collection, and payment of individual income taxes applicable to that city's residents.  (Compl. ¶ 11, ECF No. 2 at PAGEID# 33.)  Gahanna City Code §§ 161.03(1), (3), and (6) levy an income tax at the rate of 1.5 percent on certain qualifying wages, salaries, commissions, net profits, and other types of income earned by Gahanna residents.  (Compl. ¶ 12.)  The Gahanna City Code also provides for certain credits that offset a Gahanna resident's income tax liability.  Relevant to this case is Gahanna City Code § 161.18, which allows "a credit of eighty-three and one-third percent (83-1/3%) of the amount" a Gahanna resident has paid in municipal income tax to another municipality for income earned outside Gahanna.  (Compl. ¶ 16 at PAGEID# 34.)  The amount of the allowable credit is capped at the amount of the taxpayer's liability (absent the credit) for Gahanna income tax.  (*Id.*)

Under Gahanna City Code § 161.05(a), Gahanna residents are required to file a city income tax return on a form prescribed by RITA.  (*Id*. ¶ 17.)  RITA is an agency created by members of a Regional Council of Governments under Chapter 167 of the Ohio Revised Code. (*Id.* ¶ 5 at PAGEID# 32.)  Plaintiffs allege that Gahanna residents are required to use "Form 37," which RITA prescribed and the City approved.  (*Id.* at ¶ 20, PAGEID# 35.)

2

Plaintiffs allege that Form 37 is inconsistent with Gahanna City Code § 161.18. Specifically, Plaintiffs allege that a taxpayer who used Form 37 for tax years 2008, 2009, 2010, and 2011 did not receive the full tax credit to which he or she was entitled under § 161.18.  (*Id.* at ¶ 23.)  To illustrate the point, Plaintiffs' Complaint detailed a hypothetical situation that displayed the inconsistency between Form 37 and § 161.18.  (*Id.* at ¶ 24.)  Plaintiffs' hypothetical assumes a Gahanna resident who works in Columbus, Ohio, earning an annual income of $100,000.  (*Id.*)  The hypothetical further provides that the taxpayer paid $2,500 in municipal income taxes to Columbus based on Columbus' tax rate of 2.5%, which is one percent higher than Gahanna's rate.  (*Id.*)  Under the Gahanna Code, the taxpayer's liability for Gahanna income tax would be $1,500 ($100,000 multiplied by the 1.5% tax rate).  But Gahanna City Code § 161.18 entitles the hypothetical taxpayer to a tax credit of $1,500 against the taxpayer's Gahanna income tax liability calculated as follows:

    a.  83 1/3% multiplied by $2,500 (the amount paid to Columbus);

    b.  The resulting $2,083 is capped at $1,500, the amount the taxpayer would otherwise owe to Gahanna.  (*Id.* ¶ 26 at PAGEID# 36.)

Plaintiffs allege, however, that if the taxpayer uses Form 37, the taxpayer does not enjoy the benefit of the credit allowed by law.  Form 37 applies the tax credit of 83-1/3% against the *lesser* of (1) the tax withheld by the taxpayer's employer or (2) the amount of wages earned multiplied by Gahanna's 1.5% income tax rate.  (*Id.* ¶ 31 at PAGEID# 37.)  Thus, in the hypothetical illustrated above, Form 37 calculates a credit to the taxpayer of approximately $1,250 (83-1/3% multiplied by the $1,500), which is $250 *less* than the amount of the tax credit that the Gahanna ordinance actually provides.  (*See id.* ¶32.)

3

The named Plaintiffs allege that Form 37 caused their Gahanna income tax liability to be overstated on their 2009, 2010, and 2011 municipal income tax returns by $347, $438, and $473, respectively.  (*Id.* ¶ 42 at PAGEID# 38)  Plaintiffs filed this lawsuit in the Franklin County Court of Common Pleas, seeking "restitution of the monies overpaid in reliance [on] and as provided for by Form 37" for the tax years at issue.  (*Id.* ¶ 45 at PAGEID# 39.)  Plaintiffs' Complaint alleges nine counts: a claim for declaratory judgment as to the proper construction of Gahanna City Code § 161.18 (Count 1), a claim for declaratory judgment as to whether Form 37 properly calculates the tax credit for income earned outside Gahanna (Count 2), a claim for declaratory judgment as to the proper construction of Gahanna City Code § 161.05 (Count 3), a takings claim under the Ohio Constitution (Count 4), a takings claim under the United States Constitution (Count 5), a claim alleging a violation of 42 U.S.C. § 1983 (Count 6), a claim for "injunctive relief" (Count 7), a claim for unjust enrichment (Count 8), and a claim alleging strict liability under Ohio Rev. Code § 9.39 (Count 9).

Defendants removed the case to this Court, invoking federal question jurisdiction in view of Plaintiffs' allegations of an unconstitutional taking under the federal Constitution and liability under 42 U.S.C. § 1983.  (ECF No. 1.)  Defendants answered Plaintiffs' Complaint (ECF Nos. 5 and 7) and then filed two dispositive motions between them (ECF Nos. 14 and 15).  Defendants Gahanna and Teal styled their motion as a "Motion to Dismiss Plaintiffs' Fifth Amendment Claim"; Defendant RITA styled its motion as a "Motion for Judgment on the Pleadings."  (*Id.*)

Neither motion is a model of clarity in the relief it seeks.  The motion of Gahanna and Teal purports to seek only the dismissal of Counts 5 and 7 of Plaintiffs' Complaint.  (ECF No. 14 at PAGEID# 107.)  Elsewhere in the motion, however, Gahanna and Teal argue that this Court must not retain jurisdiction over the state-law claims, presumably seeking this Court's remand of

4

those counts.  (*Id.* at PAGEID# 115.)  Gahanna and Teal also construe Count 5 of the Complaint

as asserting a Fifth Amendment takings claim under 42 U.S.C. § 1983 even though Plaintiffs also

assert a § 1983 takings claim in Count 6.  (*Id.* at PAGEID# 108.)  As for RITA's motion, RITA

expressly moves for judgment on the pleadings "as it relates to Plaintiffs' federal law claims for

violation of the Fifth Amendment to the United States Constitution and violation of [42 U.S.C. §

1983], as well as [Plaintiffs'] request for injunctive relief."  (ECF No. 15 at PAGEID# 144.)  In

the body of the motion, however, RITA makes clear that it seeks dismissal of all the federal

claims and asks the Court to "relinquish jurisdiction" over the remaining state-law claims.  (ECF

No. 15 at PAGEID# 154-56.)  It is with this understanding of the motions that the Court

adjudicates them.

## II.    Discussion

Defendants bring their motions before the Court under Fed. R. Civ. P. 12(c), seeking

partial judgment on the pleadings on Plaintiffs' claims based upon a Fifth Amendment "taking"

of their property without just compensation.[1]  Courts consider a motion for judgment on the

pleadings under Fed. R. Civ. P. 12(c) in the same manner as a Rule 12(b)(6) motion to dismiss.

*Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  That is, the court should

grant the motion when it appears "beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d

389, 405 (6th Cir. 1998).  For purposes of this determination, the Court construes the complaint

in the light most favorable to Plaintiffs and assumes all well-pleaded factual allegations in the

---

[1] Defendants City of Gahanna and Jennifer Teal styled their motion as a "motion to dismiss" Plaintiffs'
Fifth Amendment claim (ECF No. 14.)  The motion is more properly characterized as a motion for
judgment on the pleadings, as Defendants filed an Answer (ECF No. 5) before filing their dispositive
motion and the Court appropriately treats it as such.  *See McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir.
2012).

complaint to be true.  *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  The Court

need not accept the truth of any legal conclusions or unwarranted factual inferences.  *JP Morgan*

*Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581-82 (6th Cir. 2007).

### A.  Objection to Defendant Teal's Affidavit

As an initial matter, the Court addresses Plaintiffs' objection to the inclusion of an

affidavit by Defendant Teal, attached as an exhibit to Gahanna's and Teal's motion to dismiss.

(ECF No. 21.)  When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or a motion

for judgment on the pleadings under Fed. R. Civ. P. 12(c), courts *may* consider matters outside

the pleadings that "are presented to and not excluded by the court," but only if the court converts

the motion to one for summary judgment under Fed. R. Civ. P. 56.  The Court is not, however,

required to do so and may exclude matters outside the pleadings from its consideration of a Rule

12(c) motion.  *See Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 500 (W.D. Tenn.

1999).  In this case, the Court sees no reason to consider the affidavit of Teal and convert the

motion into a Rule 56 summary judgment motion.  Accordingly, the Court **SUSTAINS**

Plaintiffs' objection to the inclusion of Defendant Teal's affidavit and disregards the affidavit for

purposes of deciding Teal's and Gahanna's motion to dismiss.

### B.  Fifth Amendment Takings Claim

In the motions before the Court, Defendants ask the Court to dismiss Count 5 of

Plaintiffs' Complaint, alleging a "taking" of their private property (*i.e.*, tax overpayments)

without compensation, in violation of the Fifth Amendment to the United States Constitution.[2]

The gravamen of Plaintiffs' "takings" claim is that Form 37 results in an overpayment of income

---

[2] The Fifth Amendment provides, inter alia, that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

taxes by Gahanna residents by understating the tax credit to which a resident is entitled.  (Compl. ¶¶ 97-101, ECF No. 2 at PAGEID# 47.)  Plaintiffs further allege that Gahanna's retention of these overpayments "constitutes a taking of Plaintiffs' . . . private property without compensation."  (*Id.* ¶ 101.)

Defendants argue that there is no cognizable "takings" claim in this case.  Even if the Court takes Plaintiffs' allegations as true (as the Court must in ruling on a Fed. R. Civ. P. 12(c) motion), Defendants contend that a tax does not constitute a "taking" within the meaning of the Fifth Amendment.  Indeed, there are numerous cases holding that the government's act of collecting taxes is not a *per se* taking of private property under the Fifth Amendment.  *See, e.g., Branch v. United States*, 69 F.3d 1571, 1576 (Fed. Cir. 1995) ("even though taxes or special municipal assessments indisputably 'take' money from individuals or businesses, assessments of that kind are not treated as *per se* takings under the Fifth Amendment"); *County of Mobile v. Kimball*, 102 U.S. 691, 703 (1880) ("neither is taxation for a public purpose, however great, the taking of private property for public use, in the sense of the Constitution").

As an initial matter, the Court notes that it could arguably avoid the merits of Plaintiffs' Fifth Amendment claim in Count 5, at least in the way it is pleaded.  Plaintiffs have pleaded a *direct* action under the Fifth Amendment against Gahanna, RITA, and Teal.  This is in the nature of a *Bivens* claim.  *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  But such a direct claim is not cognizable against these defendants.  The Fifth Amendment circumscribes only the actions of the federal government; the *Fourteenth* Amendment restricts the activities of the states and their instrumentalities.  *Scott v. Clay Cnty.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). And even then, there can be no direct Fourteenth Amendment claim brought against a local government defendant, as 42 U.S.C. § 1983 provides the exclusive remedy for alleged

7

constitutional claims.  *See Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987).  Thus, to the extent Count 5 pleads a *Bivens* claim against Gahanna, RITA, and Teal, Count 5 does not plead a valid claim for relief.

That said, Defendants Gahanna and Teal construe Count 5 as a claim brought under 42 U.S.C. § 1983, alleging an unconstitutional taking.  (ECF No. 14 at PAGEID# 108.)  Even though Plaintiffs' Complaint does not readily lend itself to that construction (indeed, Plaintiffs expressly pleaded a § 1983 claim in Count 6), the Court will proceed to a takings analysis as if Plaintiffs pleaded a § 1983 claim in Count 5.

Plaintiffs' theory for relief relies upon the premise that Gahanna's collection of income taxes without giving Gahanna residents the proper amount of credit to which they are entitled under the Gahanna Code effects a "taking" of property without just compensation.  In opposing Defendants' motions, Plaintiffs argue Form 37, which they allege Gahanna taxpayers are required to use, understated the amount of tax credit they were entitled to, resulting in a "per se taking,"  (ECF No. 22 at PAGEID# 192.)  Plaintiffs contend that Form 37 takes away their intangible property right in the "credits" to which they are due as Gahanna resident taxpayers. (*Id.* at PAGEID# 192-93.)

The Court finds Defendants' position well-taken—Plaintiffs have not pleaded a valid claim for an unconstitutional "taking" within the meaning of the Fifth Amendment.  Persuasive to this Court are the multitude of cases that stand for the well-established proposition that a government's act of taxation is *not* a per se taking of private property within the meaning of the Constitution.  *See, e.g., Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005); *United States Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002); *Branch*, 69 F.3d at 1576; *see also United States v. Sperry Corp.*, 493 U.S. 52, 62 n.9 (1989) (rejecting the view that

8

money is private property that can be physically occupied by the government).  This is true even if a takings claim is based upon the theory that the governmental body collected an illegal tax.  *United States Shoe Corp.*, 296 F.3d at 1383 (finding that the government's act of taxation was not a per se taking of private property even though the tax in question was declared illegal).

Plaintiffs try mightily to distinguish the line of cases relied upon by Defendants.  In doing so, Plaintiffs frame the issue differently, taking the position that they are not challenging the ability of Gahanna to impose a municipal income tax.  Rather, Plaintiffs contend that they are asking simply that the Gahanna City Code be applied correctly, such that Gahanna residents are able to enjoy the credit allowed for income taxes paid to other municipalities to the maximum extent permitted by the Code.  (ECF No. 22 at PAGEID# 191.)  Plaintiffs argue that the tax credit provided in the Gahanna Code is an "intangible" private property interest that falls within the ambit of the Fifth Amendment takings clause.  (*Id.* at PAGEID# 192.)  The Court is not persuaded.

For one thing, the authorities cited by Plaintiffs for the proposition that tax credits are "intangible property rights of the taxpayer" are inapposite.  Plaintiffs first point to Ohio Rev. Code § 5701.09, which states that " 'other taxable intangibles' and 'other intangible property' include every valuable right, title, or interest not comprised within or expressly excluded from any of the other definitions set forth in sections 5701.01 to 5701.09, inclusive, of the Revised Code."  Plaintiffs do not cogently explain how this statute—which appears to define what sorts of intangible interests are taxable—supports the notion that Defendants have taken a property interest for Fifth Amendment takings purposes.  The statute simply does not define a municipal tax credit as a property interest, much less an interest protected by the Fifth Amendment's takings clause.

Plaintiffs next invoke *Woda Ivy Glen, L.P. v. Fayette Cnty. Bd. of Revision*, 121 Ohio St. 3d 175, 184, 2009-Ohio-762, 902 N.E. 2d 984 (Ohio 2009) for the proposition that a tax credit is "a separate intangible asset." But *Wody Ivy Glen* does not inform the issue before the Court.  In *Woda Ivy Glen*, the Ohio Supreme Court held that "in the context of appraising real property for tax purposes, the use restrictions imposed under [the Internal Revenue Code] constitute governmental restrictions for the general welfare that must be taken into account when determining the value of [low income housing] property." *Id.*  Thus, the Ohio Supreme Court held that the Board of Tax Appeals "erred by holding that the effect of such restrictions must be disregarded and by reverting to a cost-based valuation that improperly reflects the affirmative benefit of the tax credits, which constitute a separable intangible asset." *Id.*  Read in context, *Woda Ivy Glen* holds simply that tax credits are an "intangible asset" that should *not* have been taken into account in valuing low-income housing property for property tax purposes.  *Woda Ivy Glen* does nothing to support the view that miscalculating an income tax credit somehow implicates Fifth Amendment takings principles.[3]

Further undercutting Plaintiffs' position is the fact that they have cited no case standing for the proposition that the miscalculation of an income tax because of the failure to apply a credit becomes an unconstitutional "taking" under the Fifth Amendment even though the imposition and collection of an income tax does not itself implicate a takings analysis.  Plaintiffs say that the cases Defendants rely upon "stand for the unremarkable position that taxes do not

---

[3] Plaintiffs also rely on *Cottonwood Affordable Hous. v. Yavapai Cnty.*, 205 Ariz. 427 (Ariz. Tax Ct. 2003) for the proposition that a low-income housing tax credit is an intangible property interest.  This case is unhelpful to Plaintiffs for the same reason that *Woda Ivy Glen* does not inform the issue before the Court.  Similar to *Woda Ivy Glen*, *Cottonwood* held that the low-income housing tax credits were "intangible property" that should not be taken into account when valuing low-income housing property for tax purposes.  205 Ariz. at 429.

constitute a taking." (ECF No. 22 at PAGEID # 193.)  Plaintiffs argue that their theory of liability is distinguishable because Defendants have deprived them of the full benefit of a tax *credit*.  But the Court fails to see how the Fifth Amendment Takings Clause, which is not implicated by the collecting of a tax in the first place, is suddenly put in play when a tax credit is not properly applied.  In the Court's view, the "tax credit" at issue in this case is part and parcel of the entire municipal income tax system implemented by Gahanna.  Plaintiffs' purported "distinction" is one without a difference for purposes of a Fifth Amendment takings analysis.

Accordingly, the Court **GRANTS** Defendants' motions for dismissal and/or partial judgment on the pleadings with respect to Count 5 of Plaintiffs' Complaint.

### C.  Section 1983 Claim

Defendants also move for judgment on the pleadings and/or dismissal as to Count 6 of the Complaint, alleging violation of 42 U.S.C. § 1983.[4]  In its motion, RITA argues it is entitled to judgment as a matter of law on this claim because Plaintiffs have failed to allege that they have been deprived of a right secured by the Constitution and laws of the United States.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (reciting the elements of a § 1983 claim).  Because Plaintiffs have failed (for the reasons set forth above) to establish a cognizable claim for an unconstitutional "taking" of their property without just compensation in violation of the Fifth Amendment, Defendants argue that Plaintiffs necessarily fail to plead a valid § 1983 claim.

---

[4] The Court notes that Defendants Gahanna and Teal cite Counts 5 and 7 as the federal "takings" claims they seek to dismiss by way of their motion.  (ECF No. 14 at PAGEID# 107, 117.)  As noted earlier, however, Gahanna and Teal also construe Count 5 of the Complaint as alleging a Fifth Amendment takings claim under § 1983.  (*Id.* at PAGEID# 108.)  This construction renders Count 5 indistinguishable from Count 6.  Thus, the Court construes the motion of Defendants Gahanna and Teal as seeking dismissal of Count 6.  Plaintiffs are not prejudiced by this construction as their briefing does not (as set forth below) distinguish between the constitutional claims asserted in Counts 5 and 6.

Though Defendants are correct that Plaintiffs fail to allege a valid Fifth Amendment "takings" claim, that does not necessarily lead to the conclusion that a § 1983 claim is also barred.  At the Fed. R .Civ. P. 12(c) stage, this Court is bound to construe the Complaint in the light most favorable to Plaintiffs, accept all factual allegations as true, and determine whether Plaintiffs can prove any set of facts that would entitle them to relief.  *Wee Care Child Ctr. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012).  Bearing this standard in mind, the Court must determine if Count 6 of Plaintiffs' Complaint pleads a § 1983 claim based simply on a Fifth Amendment "takings" theory or whether Plaintiffs plead the deprivation of some other constitutional right.  The salient allegation to examine for making this determination appears at paragraph 105 of the Complaint:

> By prescribing and adopting Form 37, which fails to conform with existing law (specifically City Code Section 161.18) thereby taking Plaintiffs' and the Class's private property without compensation, Defendants are acting under color of law and have unlawfully deprived Plaintiffs and the Class of their constitutional rights secured by the Fifth and Fourteenth Amendments to the United States Constitution.

(Compl. ¶ 105, ECF No. 2 at PAGEID# 48.)

This allegation is indistinguishable from the theory of liability alleged in Count 5, except that Plaintiffs plead expressly in Count 6 a violation of 42 U.S.C. § 1983 rather than a direct claim under the Fifth Amendment takings clause.  Other than the fact that it invokes § 1983 as the operative remedial statute, Count 6 is in substance no different than Count 5—both claims allege an unconstitutional taking of property without compensation in violation of the Fifth Amendment (as applied to the states by virtue of the Fourteenth Amendment).

Plaintiffs' opposition to RITA's motion for judgment on the pleadings confirms the identity of the theories of liability pleaded in Counts 5 and 6.  In arguing that they have pleaded a

valid § 1983 claim, Plaintiffs rest on the perceived laurels of their argument that they have pleaded a valid takings claim:

> The sole predicate of RITA's argument that the LaBordes cannot satisfy a claim under 42 U.S.C. § 1983 is because RITA claims that the LaBordes cannot satisfy a taking under the Fifth Amendment.  As demonstrated above, however, the LaBordes have suffered a Fifth Amendment taking of their Tax Credit, and, thus, have met what is required to bring a claim under 42 U.S.C. § 1983.

(ECF No. 22 at PAGEID# 194.)

The allegations in the Complaint combined with Plaintiffs' argument in their opposition to RITA's motion make clear that they base their constitutional claims *solely* on the theory that Defendants have (through promulgation and use of Form 37) deprived them of the full benefit of a tax credit to which they were otherwise entitled under the Gahanna City Code, resulting in an unconstitutional "taking" of their property without just compensation.  As analyzed above with regard to Count 5, however, Plaintiffs' theory does not plead a valid "takings" claim within the meaning of the Fifth Amendment.  Accordingly, Count 6 is similarly flawed.  The Court therefore **GRANTS** Defendants' motions for judgment on the pleadings and/or dismissal of Plaintiffs' § 1983 claim.

### D.  Injunctive Relief and the Tax Injunction Act

Count 7 alleges a claim for "Injunctive Relief."  Both motions seek dismissal of Count 7 on the basis that such a claim is barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. (ECF No. 14 at PAGEID# 114; ECF No. 15 at PAGEID# 154.)

As an initial matter, the Court notes that Count 7 does not technically state a valid claim. Injunctive relief is a *remedy* for a claim, not a cause of action unto itself.  *Allen v. Andersen Windows, Inc.*, No. 2:12-cv-347, 2012 U.S. Dist. LEXIS 180320 at *62-63 (S.D. Ohio Dec. 20, 2012); *Huntington Nat'l Bank v. Guishard*, No. 2:12-cv-1035, 2012 U.S. Dist. LEXIS 167214, at

13

*15 n.1 (S.D. Ohio Nov. 26, 2012).  Nonetheless, this Court will treat Plaintiffs' averments seeking injunctive relief as part of the prayer for relief, even though pleaded as a distinct count in the Complaint.  *See Allen* at *63.

The TIA provides:  "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  When applicable, the TIA forecloses federal court jurisdiction.  *See Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F. Supp. 2d 931, 935 (N.D. Ohio 2005) (citing *Hedgepeth v Tennessee*, 215 F.3d 608, 612 (6th Cir. 2000)).  To determine whether this case falls within the TIA's prohibition, it is appropriate to first identify the relief sought.  *Hibbs v. Winn*, 542 U.S. 88, 99 (2004).  If Plaintiffs are attempting to "enjoin, suspend, or restrain the assessment, levy, or collection of any tax under State law," then the TIA prohibition applies to prospective injunctive and declaratory relief.  *Id.* at 100.  The TIA applies to both state and local taxation.  *Id.* at 100 n.1.

Plaintiffs argue that the TIA does not apply to this case because they are not seeking to enjoin the assessment, levy, or collection of any taxes.  Rather, Plaintiffs say they are requesting that Defendants *follow* the Gahanna City Code and collect only those income taxes provided for by ordinance.  (ECF No. 22 at PAGEID# 196.)  More specifically, Plaintiffs want Defendants to be enjoined from using Form 37 in its present form, which allegedly calculates incorrectly (to Gahanna taxpayers' detriment) the tax credit for taxes paid to other municipalities on income earned outside Gahanna.  (Compl. ¶ 110, ECF No. 2 at PAGEID# 49.)  Plaintiffs argue that this type of relief is not within the ambit of the TIA: they argue this is not a lawsuit in which they seek to avoid paying a state or local tax, which is the principal type of action that the TIA is designed to preclude.  *Hibbs*, 542 U.S. at 107 ("In sum, this Court has interpreted and applied the

14

TIA only in cases Congress wrote the Act to address, i.e., cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes."). And in any event, Plaintiffs say they are "willing to forego any available injunctive relief" until final resolution of the declaratory relief claims regarding construction of the Gahanna City Code provisions at issue and final certification of an "injunctive relief class" under Fed. R. Civ. P. 23(b)(2). (ECF No. 22 at PAGEID# 195.)

The Court finds Plaintiffs' attempt to sidestep the TIA unavailing. Despite Plaintiffs' characterization of what this lawsuit is about, this case falls squarely within the coverage of what the TIA prohibits in federal court. The TIA is designed to reach those cases "'using the federal courts to raise questions of state or federal law going to the validity of the particular taxes *imposed upon them.*'" *Hibbs*, 542 U.S. at 109 (quoting *Wells v. Malloy*, 510 F.2d 74, 77 (2d Cir. 1977)). At its core, that is what Plaintiffs are attempting to accomplish in this case. Plaintiffs are raising questions of state and federal law to challenge the validity of the municipal income taxes they paid. It makes no difference whether Plaintiffs base their theory on the invalidity of an assessment in the first instance or, as is the case here, the incorrect calculation of a tax credit.

The only case Plaintiffs rely upon for the proposition that the TIA does not apply— *Hibbs*—does not support their argument. Plaintiffs cite the passage of *Hibbs* in which the Supreme Court observed that "[n]owhere does the legislative history [of the TIA] announce a sweeping congressional direction to prevent 'federal-court interference with all aspects of state tax administration.'" *Id.* at 105. But *Hibbs* must be read in context—the case held that the TIA did not bar a *third party* from suing in federal court to raise a constitutional challenge to tax benefits. *Id.* at 108. In *Hibbs*, for example, the Supreme Court held that the TIA did not bar a federal lawsuit challenging a state tax statute on Establishment Clause grounds. This case, in

contrast, is one in which Plaintiffs—the taxpayers themselves—seek to enjoin Defendants' use of Form 37 and the collection of taxes that would result from the continued utilization of Form 37.  Regardless of how Plaintiffs dress it up, this case remains one in which taxpayers seek a federal court order that would enable them to avoid paying a higher amount of municipal income taxes.  This type of suit falls squarely within the TIA bar to federal court jurisdiction.  *Id.* at 107-09.

Further underscoring the TIA bar is the existence of "a plain, speedy and efficient remedy" available in the Ohio state courts to challenge Gahanna's use of Form 37.  Ohio Rev. Code § 2723.01 provides:  "Courts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are collected."  Defendants (ironically, given their removal of the case to federal court) contend that this statute provides Plaintiffs with an available state remedy.  Plaintiffs provide no cogent argument as to why Ohio Rev. Code § 2723.01 would preclude the injunctive relief they seek were they to pursue it in state court.

The Court therefore **GRANTS** Defendants' motions for dismissal and/or judgment on the pleadings as to claims barred by the TIA.  The claims barred include not only Plaintiffs' claimed entitlement to injunctive relief (Count 7), but also the declaratory judgment claims asserted in Count 1, Count 2, and Count 3.

### E.  Supplemental Jurisdiction Over State-Law Claims

Defendants' motions also seek to dismiss remaining state-law claims—Count 4 (taking under the Ohio Constitution), Count 8 (unjust enrichment), and Count 9 (strict liability)—on the

basis that the Court should decline to exercise supplemental jurisdiction over them after having ruled that the federal claims are dismissed.  This Court agrees.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state-law claims where, as here, "the district court has dismissed all claims over which it has original jurisdiction."  When deciding whether to exercise supplemental jurisdiction, "a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)); see also *Landefeld v. Marion Gen. Hosp., Inc*., 994 F.2d 1178, 1182 (6th Cir. 1993).  When a district court dismisses all claims over which it had original jurisdiction, the balance of considerations is likely to weigh in favor of declining to exercise supplemental jurisdiction.  *Gamel* at 952; see also *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.").

In assessing the factors of judicial economy, fairness, and comity, a district court is guided by several specific considerations.  Among these are (1) whether the district court should avoid needless state law decisions as a matter of comity, (2) whether the district court, in its disposition of federal-law claim, resolved a related state-law issue, (3) whether similar predicate factual findings are necessary to resolve both the state and the federal claims, (4) whether the district court has expended significant time and resources, (5) whether dismissal or remand will result in duplicative litigation, (6) whether the matter has been on the district court's docket for a significant time, (7) whether the parties have completed discovery, (8) whether plaintiff has

abandoned all federal claims at a late stage of the proceedings, and (9) whether a summary judgment motion has been extensively briefed and is ripe for review.  *Fox v. Brown Memorial Home*, 761 F. Supp. 2d 718, 723-24 (S.D. Ohio 2011).  In this case, the balancing of these factors counsels heavily against exercising supplemental jurisdiction.

As a matter of comity, for many of the same reasons underlying the Court's TIA analysis, the Court should avoid meddling into matters regarding the enforcement of local tax laws.  The case was filed less than a year ago, discovery has not been completed, and the Court has yet to expend a great deal of time and resources given that the summary judgment deadline is still a few months away.  And the Court cannot say that it has necessarily resolved remaining state-law issues with its disposition of the federal claims.

Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and **REMANDS** this case to the state court where it was originally filed.

### III.   Conclusion

For the reasons set forth above, the Court **SUSTAINS** Plaintiffs' objection to the Affidavit of Defendant Teal and disregards it for purposes of deciding the motion to dismiss of Defendants Gahanna and Teal.  The Court  **GRANTS** the motion to dismiss of Defendants Gahanna and Teal (ECF No. 14) and the motion for judgment on the pleadings of Defendant RITA (ECF No. 15).  All claims over which this Court had original jurisdiction are **DISMISSED**.  The Court **REMANDS** the remaining state-law claims to the Court of Common Pleas for Franklin County, Ohio, for further proceedings.

**IT IS SO ORDERED.**

                                            **/s/ Gregory L. Frost**
                                            **GREGORY L. FROST**
                                            **UNITED STATES DISTRICT JUDGE**